SMITH *vs.* FELT and others.

All who are present and aiding or participating in a trespass are liable for the injury.

For an injury done to the inheritance, by a stranger, and one in which the actual possessor has no interest beyond the mere entry, the action should be brought by the reversioner.

$250 is not an unreasonable sum to compensate the owner of property for an injury thereto which lessened the yearly rental of the property $100.

THIS action was brought to recover damages for an injury done to the property of the plaintiff by the defendants. The action was referred to a referee, who found the following facts :

1. That at all the times mentioned in the complaint, and for a considerable time previously, the plaintiff was, and she still is, the owner of the premises in the complaint mentioned, situate on the corner of Fifth Avenue and One Hundred and Thirty-first street, in the city of New York.

2. That the plaintiff, on the 8th day of December, 1858, by indenture of lease, bearing date that day, leased the said premises to one Willard Felt, for the term of three years, from the 1st day of May, 1860.

3. That the premises aforesaid were sublet by the said Willard Felt, by an indenture of lease dated the — day of February, 1861, to one Cornelius C. Campbell, for the term of two years and one month from the 1st day of April, 1861.

4. That the term of the said Willard Felt determined on the 1st day of May, 1863, and that the said premises were by an instrument dated November 12, 1863, and a renewal thereof, leased by the plaintiff to one Cornelius C. Campbell, from the 1st day of May, 1863, to the 1st day of May, 1865.

5. That on the 17th day of September, 1864, the defendants entered the said premises, and the defendant, Mrs. Elizabeth L. Felt, removed therefrom a wardrobe in the house, not in any way attached thereto, two clothes poles planted in the ground, a number of slips or cuttings of plants, a quantity of growing bushes and shrubbery, a small quan-

tity of unattached scantling and some slat doors, also unattached to the soil or buildings.

6. That the wardrobe, poles, scantling and doors were the property of the defendant, Mrs. Felt. That all the shrubbery removed was planted by her during the continuance of the lease to Willard Felt, and the slips or cuttings were planted by, and belonged to her.

7. That the wardrobe and cuttings were upon the premises by the license of the then tenant, under his agreement that they might be removed at any time.

8. That the defendants so negligently removed a cow house, erected by her adjacent to the place of the plaintiff's property, as to injure the same.

9. That in the removal of the matters and things aforesaid, the defendant George H. Felt, was present, aiding, assisting, and defending the other defendant.

10. That it did not appear that the defendants were, or that either of them was the agent or representative of Willard Felt.

11. That the injury done to the fence amounted to the sum of ten dollars. That the value of the shrubs and plants removed, other than the cuttings, was twenty-five dollars.

12. That by means of the acts of the defendants above stated, the ground of the premises aforesaid was torn up, and the premises disturbed and defaced, and that the injury done to the premises, as property to sell or to let, was $250.

The following were the findings of law :

1. That the wardrobe, clothes poles, scantling, doors, and cuttings or slips, were chattels, and removable by the defendant Mrs. Felt.

2. That the defendants were liable for the injury done to the plaintiff's fence, by the negligent or improper removal of the cow house.

3. That the shrubbery, other than the steps or cuttings, was, at the time of the removal, part of the realty.

4. That the right of the tenant, Willard Felt, to remove things attached to the realty, but not forming part of it, ended with the determination of his lease.

5. That the right of Willard Felt to remove things attached to the freehold or realty, but not forming part of it, did not appear to have vested at any time, either as agent or representative in the defendant.

6. That George H. Felt was liable to the same extent as the other defendant.

7. That the plaintiff was entitled to recover of the defendant: 1st. The value of the shrubbery removed. 2d. The amount of injury done to the plaintiff's fence. 3d. The amount of injury done to the premises or property to let or to sell. The said several sums amounting to the sum of $285.

Judgment being entered in accordance with this report, the defendants appealed.

*John E. Burrill,* for the appellants.

*Richard H. Clarke,* for the respondent.

GEORGE G. BARNARD, P. J. The evidence was sufficient to charge the defendant George H. Felt. He was present at the commission of the injury. He had heard his mother had been threatened, and went with her, to see that she was not annoyed or insulted. He told the tenant in possession, who remonstrated with his mother, that he had better attend to his business and let the plaintiff's husband attend to his. He personally knocked the fence from the cow house with an axe and continued present during the whole time of the removal of the property.

The action was properly brought. The injury was to the inheritance, and was one in which the actual possessor had no interest beyond the mere entry. The statute was doubtless passed to meet just such cases. (2 *R. S.* 39, § 8.) The

Smith *v.* Felt.

cases cited by the defendants do not bear upon the question presented under the facts as proven here.

The case of *Frost* v. *Duncan,* (19 *Barb.* 560,) was an action of trespass, brought by a person out of possession for some seventeen years, and against the person in possession for that length of time, claiming under a deed adverse to the plaintiff's title. The court held that the action would not lie. In *Holmes* v. *Seely,* (19 *Wend.* 507,) which was also an action of trespass, *quare clasum fregit,* the defendant had encroached, in building a line fence, on the plaintiff's lands, then in possession of a tenant. The plaintiff brought the action, and the court held that for the entry the tenant must sue. That for a continuing injury the plaintiff could not have his action of trespass, until a re-entry. Here the action is against a stranger, for an injury to the freehold.

The evidence is sufficient to sustain the judgment. By the doing of the acts complained of, the yearly rental of the property was lessened $100. $250 is not an unreasonable sum to compensate for an injury which produced this result.

The judgment must be affirmed, with costs.

SUTHERLAND, J. concurred.

INGRAHAM, J. dissented.

Judgment affirmed.

[NEW YORK GENERAL TERM, January 6, 1868. *Geo. G. Barnard, Sutherland* and *Ingraham,* Justices.]