DAVID A. BANKER, Appellant, *v.* ELLEN M. BANKER,
Respondent.

An inquisition in proceedings under the statute relating to lunatics, etc., declaring the person to be of unsound mind, and to have been so for a time prior to the finding, is only presumptive evidence of incapacity prior to the finding.

In an action to annul a marriage upon the ground of lunacy of the husband, it appeared that two days after the marriage an inquisition in such proceedings was found declaring the husband to be of unsound mind, and that he had been so for six months previous. The wife, at the time of the marriage, had notice of the pendency of the proceedings. *Held,* that the fact of notice did not affect the question as to the retrospective effect of the inquisition ; that it was only presumptive evidence of incapacity at the time of marriage; and, the court having found upon sufficient evidence that the husband was then of sound mind, which finding had been affirmed by the General Term, that it was conclusive upon this court.

The court charged, in substance, that plaintiff must show undoubted unsoundness at the time of the marriage, continuing, beyond question, to the husband's death without lucid intervals. *Held,* that if the latter part of the charge was error, the objection was obviated by the finding of sanity at the time of the marriage.

The court refused to charge that the jury should start with the presumption that the husband was of unsound mind. *Held,* no error; that the

presumption was of sanity and the burden of proof was with the plaintiff; that while the inquisition changed the necessity of proof to the defendant the affirmative still remained with plaintiff.

(Argued December 1, 1875; decided December 14, 1875.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, affirming a judgment in favor of defendant entered upon a decision of the court dismissing plaintiff's complaint, and affirming an order denying a motion for a new trial of certain issues submitted to a jury.

The action was brought by plaintiff, as the heir at law and next of kin of John Banker, deceased, to annul a marriage between the deceased and defendant, on the ground that said John Banker was, at the time of the marriage, a lunatic; also to restrain defendant from taking out letters of administration.

It appeared that defendant and said John Banker were married March 8th, 1869. In February, 1869, proceedings under the statute, in the nature of a writ *de lunatico inquirendo,* were instituted to inquire concerning the lunacy of said John Banker. By the inquisition therein taken on March 10th, 1869, it was found that said Banker was a "lunatic and of unsound mind," and had been for six months prior thereto. Evidence was given tending to show that defendant had notice of these proceedings at the time of the marriage.

Certain questions of fact were submitted to the jury :

"First. On the 8th of March, 1869, was John Banker a person of unsound mind?

"Second. Did the said John Banker, at any time after his marriage, have a lucid interval; and in such lucid interval did he recognize and affirm, by cohabitation or otherwise, his said marriage with the defendant, he having been fully advised of the same?

"Third. Was the said John Banker, at the time of his death, of unsound mind?

"Fourth. Did the defendant, before her marriage, have actual notice of the lunacy proceedings?"

The court charged, among other things, that plaintiff "must show undoubted unsoundness at the time of marriage, continuing, beyond question, down to death without lucid intervals." To which plaintiff's counsel duly excepted.

Plaintiff's counsel requested the court to charge, among other things, "that in this case the jury start with the presumption that Mr. Banker was of unsound mind at the time of the marriage, and the burden of proof is on the defendant to show that he was of sound mind at that time." The court declined so to charge, and plaintiff's counsel duly excepted.

The jury answered the first question "no," the second "yes," the third "no" and the fourth "yes."

The court adopted these findings, and thereupon directed a dismissal of the complaint. Judgment was entered accordingly. Further facts appear in the opinion.

*James Lansing* for the appellant. The court erred in refusing to charge that the inquisition changed the rule in respect to presumption of sanity, and that the jury started with the presumption that Mr. Banker was of unsound mind. (*Demelt* v. *Leonard*, 19 How. Pr., 141; *Goodell* v. *Herrington*, 3 N. Y. S. C., 345.) The petition having been filed, the commission issued, and defendant having had actual notice of the proceedings at and before her marriage, the court erred in dismissing the complaint. (2 R. S., 138, § 1; *Clayton* v. *Wardell*, 4 N. Y., 230; Bish. on Mar. and Div., §§ 178, 179; *Browning* v. *Rease*, 2 Phil., 69; 2 Kent's Com., 76, 77; *Wadsworth* v. *Sharp*, 8 N. Y., 388; *Fitzhugh* v. *Wilcox*, 12 Barb., 383; *L'Amoreaux* v. *Crosby*, 2 Paige, 427; 1 Story Eq. Jur., §§ 405–407; 1 J. Ch., 575; *Murray* v. *Ballou*, 2 id., 70; 1 id., 300; *Griswold* v. *Miller*, 15 Barb., 521; *Lanc. Co. Bk.* v. *Moore*, 12 L. J., 182.)

*R. A. Parmenter* for the respondent. The inquisition was only presumptive evidence of the facts it contained in respect to the insanity of Mr. Banker. (*Van Deusen* v. *Sweet*, 51 N. Y., 378, 386; *Wadsworth* v. *Sharpstein*, 8 id.,

388; *Lewis* v. *Jones*, 50 Barb., 669; *Fitzhugh* v. *Wilcox*, 12 id., 238; *Wadsworth* v. *Sherman*, 14 id., 171; *Osterhout* v. *Shoemaker*, 3 Hill, 516; *L'Amoreux* v. *Crosby*, 2 Paige, 426; *Hoyt* v. *Adee*, 3 Lans., 173; *Jackson* v. *Gumaer*, 2 Cow., 568; 2 Kent's Com., 450; Wil. Eq. Jur., 200; 2 Phil. Ev., 266.) Defendant is not estopped or concluded by the inquisition by reason of her having had notice of the proceedings before her marriage. (*Lewis* v. *Jones*, 50 Barb., 645, 669; Wil. Eq. Jur., 200; *Wadsworth* v. *Sharpstein*, 8 N. Y., 393.)

CHURCH, Ch. J. The court found, as a fact, that John Banker was of sound mind when the marriage took place between him and the defendant on the 8th day of March, 1869; and it is not disputed that the evidence, although conflicting, warranted such finding. This finding has been expressly affirmed by the General Term, and is conclusive upon this court. The other findings, in respect to lucid intervals and unsoundness at the death of Mr. Banker, are not material, because if he was rational when the marriage took place, subsequent unsoundness would not invalidate it. It was proved that Mr. Banker was declared to be of unsound mind on the 10th of March, 1869, two days after the marriage, and that he had been so for six months previous, upon inquisition in proceedings instituted in February preceding, under the statute in relation to lunatics, of the pendency of which the defendant had notice at the time of the marriage; and it is insisted that these proceedings and finding are conclusive upon the question. The question of the effect of a finding of lunacy, under proceedings instituted for that purpose, has been often before the courts in England and in this country. It would not be profitable to review these authorities. Some of the principles involved must be regarded as established in this State, having been repeatedly adjudicated, and are well stated by the chancellor in *L'Amoreux* v. *Crosby* (2 Paige, 422). He says: "As to acts done by a lunatic or drunkard before the issuing of the

commission, and which are overreached by the retrospective finding of the jury, the inquisition is only presumptive, but not conclusive, evidence of incapacity. But all gifts of the goods and chattels of the idiot, lunatic or drunkard, and all bonds or other contracts made by him after the actual finding of the inquisition declaring his incompetency, and until he is permitted to assume the control of his property by the court, are utterly void."

The principle that the inquisition is only presumptive evidence of incapacity at any time prior to the finding, although retrospectively included in it, was expressly adjudicated by the Commission of Appeals in *Van Deusen* v. *Sweet* (51 N. Y., 378), and I am not aware of a contrary decision in this State. (8 id., 388.) I cannot see how the circumstance that the defendant had notice of the proceedings can affect the question. She had notice that an effort would be made to have Mr. Banker declared a lunatic, but until so declared it was an open question. She took the hazard of a finding which would render the marriage presumptively void, nothing more. These proceedings have been likened to proceedings *in rem*, which are conclusive on all the world, and all are bound to take notice of them. (Id.) Actual notice is not necessary, and whether given or not, is not material. The inquisition is conclusive against subsequent acts and dealings, and presumptive against prior ones. This is the rule, and is applicable irrespective of notice. It has been held that the inquisition is only presumptive evidence of incapacity as to some acts done subsequently. This has been held as to making a will. (50 Barb., 615, per FOSTER, J.) There is no authority as to the act of marriage. It requires the assent of the parties, but it does not affect property directly, and is an act which the committee cannot do for the ward. The question, however, does not arise in this case, and need not be considered.

The exception to the charge that the plaintiff must show undoubted unsoundess at the time of the marriage, continuing beyond question down to the death, without lucid inter-

vals, is not available. The plaintiff held the affirmative upon the issue throughout the trial, although if unsoundness was established at the time of the marriage, a presumption of continuance might arise which would require evidence to overcome. But the objection is obviated by the separate finding of sanity at the time of the marriage, which renders the latter part of the charge immaterial.

Nor was the refusal to charge that the jury should start with the presumption that Mr. Banker was of unsound mind erroneous. The presumption of sanity always exists — that being the normal condition of man.

The inquisition changed the necessity of proof from one side to the other, but the burden of maintaining the affirmative of the issue remained with the plaintiff.

The extra allowance was discretionary with the court below. It is not a case of a want of power.

The judgment must be affirmed.

All concur. ·

Judgment affirmed.