## WILLIAMS v. HACKER.

1. FORMER RECOVERY CONCLUSIVE EVIDENCE IN EJECTMENT.— In an action of ejectment brought by the plaintiff for the recovery of a strip of ground, which had been the subject-matter of a previous litigation between the same parties in the same court, and in which suit the present plaintiff, on the issue of title in fee tendered by him, recovered judgment against the present defendant, which has never been set aside or reversed, the record of such judgment is competent evidence in the plaintiff's favor, and conclusive of the rights of the parties.

2. ESTOPPEL — IDENTITY OF PARTIES AND ISSUES.— A recovery in one suit upon issue joined on a matter of title is conclusive upon the subject-matter of such title in any suit between the same parties or their privies. The only inquiry is as to the identity of the parties and the issues; and when it is apparent from the record of the former suit that they are the same, the judgment is conclusive evidence in any subsequent litigation over the subject-matter of controversy.

*Appeal from the District Court of Boulder County.*

Mr. O. F. A. Greene, for appellant.

Bissell, C.　In September, 1886, Benjamin M. Williams brought this action against Rudolph H. Hacker, to recover a strip of ground on the east side of lot 5 in block 147 in the town of Boulder.　This block was bounded on the north by Hill street, and on the west by Fourteenth street.　The strip was about seven feet wide, and ran the length of the north half of lot 5, as the town was originally platted. The defendant claimed that it was a portion of lot 4.　The strip adjoined lot 4 on the west and lot 5 on the east, and was a part of one or the other, according to the determination of the lines or boundaries of the two lots.　The town was laid out in the early days of the history of Colorado, and the monuments by which the exact location of the various lots and blocks might be determined had disappeared, and at the date of the trial could neither be found nor located.　Neither side was able to introduce proof which would establish with certainty the boundaries or lines of either of the lots according to the original survey, and which would exactly determine the locus of the strip which both claimed.　Testimony was offered by both parties upon the subject, but it is unnecessary to decide what the facts may be in order to reach a satisfactory conclusion.　The application of a well-established principle to the ascertained facts of this controversy will settle the rights of the parties.

During the progress of the trial, and at a proper time to maintain the issue on his part, the defendant offered in evidence the record in a case previously tried in that court between these parties.　The testimony was rejected, and upon this ruling error is assigned.　Whether it was error for the court to refuse to admit the testimony rests solely upon the conclusion which may be reached concerning the identity of the parties to the two actions, and concerning the subject-matter of the issue joined in the other suit.　In the

accurate and forcible language of Lord Ellenborough in the Outram case, it is the law that a recovery in any one suit upon issue joined on matters of title is conclusive upon the subject-matter of such title. According to that learned authority, it was of little concern in what sort of a suit the issue might be presented. If the issue was tendered, accepted, tried and determined, the adjudication was conclusive. The rule was based on the broad ground of estoppel. Not an estoppel proceeding from the recovery, but growing out of, and created by, the matter alleged by the party, and upon which the recovery proceeded. The estoppel was the legitimate fruit of the tree which the pleader had planted and cultivated. The only inquiry was as to the identity of the parties and the issues. Whenever it was apparent from the record that they were one and the same, the record afforded conclusive evidence in relation to the title in any subsequent litigation over the original subject-matter of controversy. They were adjudged concluded from contending to the contrary because the fact had been once distinctly put in issue and solemnly adjudged. *Outram v. Morewood*, 3 East, 346; *Small v. Haskins et al.*, 26 Vt. 209; *Burt v. Sternburgh*, 4 Cowen, 559; *Dunckle v. Wiles*, 6 Barb. 529; *Dunckle v. Wiles*, 11 N. Y. 420.

In nearly all the cases which uphold this rule the former action was in trespass, and much learning was employed to establish either the universality of the rule or its right application to the facts of the particular controversy. Whether the former suit and judgment were pleaded in bar or offered as evidence of title the result was the same, and it was competent testimony in either case. They were all agreed that the estoppel arose, and furnished conclusive evidence of title, wherever the title was at issue. Of course it was conceded that in an action of trespass the question of possession, or rather the right of possession, was often the only basis upon which the right of action rested, and that the title, therefore, was not necessarily concerned.

But as Lord Ellenborough said, this fact makes no difference whatsoever in the application of the doctrine to cases in which the title was involved. He held broadly that the judgment in every species of action was final for its own proper purpose and object, and that every species of judgment, from one in an action of trespass to one upon the right of property, was equally conclusive upon its own subject-matter by way of bar to future litigation for the thing decided. If the issue in the suit raised the question of title, and the fact was found against them, this finding created an estoppel which bound the parties and their privies. It remains, then, to determine whether the record which was offered showed that the issue of title had once been tried between the parties, and that the plaintiff, therefore, had the right to tender it as evidence, or as conclusive evidence upon the question. The record of the former action, according to the offer as preserved, contained the complaint, answer, replication and the judgment. The offer as made by the plaintiff was broad enough to include the tender of proof of the identity of the premises in controversy, regardless of the issue raised in the record itself. In the case before us the identity of the premises is clearly apparent from the papers themselves. That suit was brought by Williams, the plaintiff in this action, against the present defendant, Hacker, to recover the damages resulting from the forcible removal of the boundary line fence previously erected along the eastern boundary, which was thus made a new eastern boundary for lot 5. Williams set up in his complaint that he was the owner in fee of all the ground from which the fence had been removed, and of that upon which it had again been placed; he deraigned his title from the United States by a chain of mesne conveyances ending in himself; he averred that at the time of the injury complained of the premises were in the possession of one Snell, who was his yearly tenant in its occupation; after setting out the method of the removal, the digging of the postholes, the injury to the freehold and the waste committed

thereby, he prays damages. The defendant, Hacker, accepted the issue, denied Williams' title, but admitted the doing of the acts which the plaintiff alleged as his particular injury. Not content with this, the defendant tendered a further issue of a title in himself to the particular strip of ground which belonged to either one lot or the other, and therefore either to Hacker or to Williams, as the title might be found to run. The replication took issue upon Hacker's title thus asserted. Upon these issues there was a finding for the plaintiff, Williams, and a judgment followed in his favor which stands unreversed. That this judgment adjudicated the title to the strip of ground can scarcely be disputed. The boundaries of the strip are given by metes and bounds in the complaint in the original suit, and these are identical and concurrent with the description of the same ground which is contained in the complaint in the present action. Further proof of the identity of the *locus in quo* in the one suit would hardly have been necessary, though under the offer it might have been made had it been deemed at all essential; but the identity is so far apparent to the court from the inspection of the two records that it is impossible to do otherwise than hold that the trial court committed error in the refusal of these proofs. Had it been permitted to go to the jury with such proofs as might have been requisite to establish the absolute identity of the *locus in quo*, it would have been conclusive upon the question of title. That the plaintiff had the right to use the judgment as evidence of his own title is apparent from the authorities heretofore cited.

It is wholly unnecessary in this opinion to further refer to the elaborate discussions which have resulted in the establishment of the doctrine that estoppel will arise even in an action of trespass, provided the question of title has therein been made the subject-matter of an issue. Trespass would not have lain in favor of the plaintiff Williams when he brought his action against Hacker to recover for the damage which he had sustained by reason of the removal

of the line fence.  It is apparent from the record in that case, that at the time of the institution of the suit the property was in the possession of a tenant under lease for a term.  Under these circumstances the rule is that the landlord cannot maintain trespass against a stranger for an entry upon the property.  The only injury for which the landlord may recover against a stranger is an injury to the inheritance, and his action must be an action of waste, or an action upon the case for the injury to his freehold.  Waterman on Trespass, vol. 2, p. 392, sec. 948; *Davis v. Nash,* 32 Me. 411; *Smith v. Pelt,* 50 Barb. 612; Waterman, sec. 950, note.

It is thus apparent that not only was the issue of title in fact made as between the parties, but also that this issue was indispensable to the recovery.  It should therefore not have been permitted to be again litigated between them, but the judgment should have gone to the jury as conclusive evidence of the plaintiff's title.

For the errors committed by the court with respect to this matter, the judgment should be reversed, and the cause remanded for further proceedings in conformity with this opinion.

RICHMOND and REED, CC., concur.

PER CURIAM.  For the reasons stated in the foregoing opinion the judgment is reversed.

*Reversed.*