Reed, J.,
delivered the opinion of the court.
This case is peculiar in one aspect of it, showing the extent to which results are influenced by the place of trial.
*18 T. F. Godding brought suit upon the contract for its breach, in Weld county, where he resided. Appellee brought suit in the county of its residence, El Paso, against John E. God-ding, on matters pertaining to the same contract. In the first, plaintiff obtained judgment for over $2,000, in the latter plaintiff obtained this judgment for $5,400. An examination of the allegations in appellee’s answer in the first, and the allegations of its complaint in the latter, show them to be identical, hence, we have the anomaly of the same^issue being tried twice in different courts, with the differing results stated. The whole policy of the law is against the re-trial of issues once determined by a court of competent jurisdiction. Such has been the well settled and unquestioned policy from the leading case of Outram v. Morwood, 3 East, 346, to the present time. Duchess of Kingston’s Case, 2 Smith Leading Cases, 424; See Cooley on Constitutional Limitations, 47; Ram on Legal Judgments, chap. 14; 2 Phil. on Ev. 50, and note; Young v. Black, 7 Cr. 567; Williams v. Hacker, 16 Colo. 113.
“The rule in these cases is, that a point once adjudicated by a court of competent jurisdiction may be relied upon as an estoppel in any subsequent suit in the same or any other court at law or chancery where either party or the privies of either party allege anything inconsistent with it.” Aurora City v. West, 7 Wal. 82.
The contract was made by John E. Godding, was by him assigned to T. F. Godding, as alleged with the knowledge and consent of appellee ; it was a uon-negotiable instrument, the assignee took it subject to all the existing infirmities, including the alleged fraud in its procurement, which if established would destroy it. The privity required by law existed by the relation the two Goddings bore to each other and the subject-matter of the contract. It is claimed in argument by appellee that the judgment in Weld county could not operate as a bar because the parties were not identical. It is not necessary that the parties should be identical according to the rule laid down in Aurora City v. West, supra, where it is *19 stated that privity is sufficient. On this point authorities are numerous. See Herman on Estop. § 152; Emory v. Fowler, 39 Me. 326; Jennings v. Shelden, 44 Mich. 92; Wells Res. Adjud. § 16; Dunham v. Bower, 77 N. Y. 76; Woodhouse v. Duncan, 106 N. Y. 527.
The right of T. F. Godding to recover was dependent upon the right of John E. to recover, had there been no assignment. In order for John E. to recover, with the issues of fraud and misrepresentation, he must overcome the allegations of the answer. So must T. F. Godding. The question was not whether John E. was a party but whether the same questions had been adjudicated in a controversy pertaining to the same transaction.
The identity of the issues to be tried being established by an examination of the respective records, the answer should have been allowed to remain and a trial had, as parol proof was clearly admissible to establish the proceedings had upon the former trial and the part taken by John E. Leave having been obtained of the court and entered of record and the answer filed, such leave being discretionary with the court, another judge could not order it stricken from the files at a subsequent date because not filed in apt time. Nor was the fact that the case had been set for trial prior to the leave and filing of the answer of any importance, as it could have been vacated at any time if necessary. The answer was sufficient in form and substance to raise thp question of a former adjudication. The policy of the law is clearly against a second adjudication of the same questions, and the court erred in striking the answer from the files.
It is very doubtful whether under the authorities a cause of action is shown by the complaint. It was found that no cause of action accrued in regard to the quality of the hay. The only remaining cause of action was the alleged misrepresentation in regard to the water supply. It would appear that the agents of appellee, when placing the cattle there, found the supply adequate and as represented; consequently, if appellant was to be held, it must have been upon the alie *20 gation that he represented it would remain adequate. Under the authorities, it is doubtful if such misrepresentation is actionable. It is perhaps the mere expression of an opinion for which a person cannot be held responsible. The case seems to have proceeded upon the theory that he was an insurer, which was clearly not the case; had he been, the suit must have been on the warranty and not on the tort. These are suggestions made for the guidance of the court in case of retrial.
Mere expressions of opinion are not false representations. A misstatement, to be actionable, must relate to existing facts peculiarly within the knowledge of the party: Stimson v. Helps, 9 Colo. 33; Adams v. Schiffer, 11 Colo. 29; Cooley on Torts, 474-486; 1 Hil. on Torts, chap. 1, § 4; Sawyer v. Prickett, 19 Wal. 146; Cooper v. Schlessing, 111 U. S. 148; 1 Perry on Trusts, § 173.
The following instruction was given by the court and an exception taken:
“If the jury find the issues for the plaintiff, as explained above, then the measure of damages is the reasonable market value of the cattle lost, as shown by the evidence, if any were lost by reason of the insufficiency or unwholesomeness of the water aforesaid, and also the difference in value, if any, between the herd as wintered, and as recovered and driven away by the plaintiff, and the value thereof, if the Same had been properly supplied with good water in sufficient quantities.”
The measure or rule of damages is incorrect, the instruction should not have been given. Neither appellant nor his assignee were insurers of the lives or health of the herd.
The agents of appellee, before placing the cattle upon the ranch, visited it, measured and accepted the hay, knew the character and condition of the water supply, and with knowledge of all of these facts placed the herd there some two months later in charge of its own agents and employees. There was an abundance of running pure water accessible within less than half a mile, appellee could riot subject its cattle to *21 death from thirst or poison from the impurities of the water, look on and see the whole herd die from inattention, and collect its value as damages. When it was found either that there was a breach of contract or it was the victim of false representations, it should either have supplied the cattle by driving to water or have rescinded the contract and moved to proper quarters. In one case the increased cost and inconvenience in watering and feeding would have been the measure of damage, in the other the cost of moving and the extra cost of hay and feeding facilities over the contract price.
No rule of damages making the contractor an insurer of the herd and charging him with the value of all dead cattle can be correct, when the stock at no time was under his control or subject to his directions.
The judgment must be reversed and cause remanded for a new trial.

Reversed.