JOHN STICHT, Appellant, *v.* THE BUFFALO CEREAL COMPANY, Respondent.

**Master and servant — injury to employee by explosion of dust — negligence — weight of evidence.**

The plaintiff, a common laborer employed by the defendant in a cereal mill, was injured by an explosion of dust.   The complaint charged the defendant with negligence in not providing proper facilities for removing the dust created in the operation of the mill, and in failing to adopt certain safeguards designed to prevent explosions sometimes caused by sparks created by the passage of nails or other metallic substances through the machinery.   For the purpose of proving that there was in common use a method for preventing such explosions, plaintiff offered to show by an expert "the effect of foreign substances going

through the attrition mill." This evidence was excluded on the ground that it was "common knowledge what might happen." Although the plaintiff was prevented from making this proof, the defendant was later permitted to introduce evidence upon that subject, and to the ruling in that respect the plaintiff excepted. *Held,* that the evidence thus offered by the plaintiff was competent and should have been received.

Evidence offered by the plaintiff to show that there was in common use a method for preventing the passage of foreign substances through a machine called an attrition mill, seems to have been excluded upon the theory that the Appellate Division had decided, as matter of law, that such evidence was not competent. *Held,* not tenable. All that the Appellate Division had decided upon a former appeal was that, upon the issue of fact presented by the record as it then stood, a verdict was against the weight of evidence. That decision of the Appellate Division was conclusive only as to the trial then under review.

*Sticht* v. *Buffalo Cereal Co.,* 123 App. Div. 911, reversed.

(Argued March 2, 1909; decided March 16, 1909.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered December 9, 1907, affirming a judgment in favor of defendant entered upon a verdict and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Hamilton Ward* for appellant. The court erred in refusing to permit plaintiff to prove the nature and frequency of dust explosions. (*Lofrans* v. *N. Y., etc., Co.,* 8 N. Y. Supp. 717; *Latorre* v. *C. S. Co.,* 9 App. Div. 145; *Connelly* v. *H. & G. C. Co.,* 192 N. Y. 182; *O'Brien* v. *B. F. Co.,* 183 N. Y. 317.) The court erred in refusing to permit the plaintiff to show the defective condition of the magnetic separator. (*Reich* v. *I. M. Co.,* 120 App. Div. 445; *Fowler* v. *B. F. Co.,* 41 App. Div. 84; *Bateman* v. *N. Y. C. & H. R. R. R. Co.,* 178 N. Y. 84.) The whole course of the trial court in refusing to permit the plaintiff to offer proof concerning the allegations of his complaint was erroneous. (*Czatlos* v. *M. S. Ry. Co.,* 79 N. Y. Supp. 653; *Vernon* v. *O'Brien,* 86 App. Div. 376; *Crim* v. *Starkweather,* 32 Hun, 350; *F.*

*Nat. Bank* v. *N. P. Co.*, 119 N. Y. 662; *Moore* v. *A. L. & T. Co.*, 38 N. Y. S. R. 1002.)

*Ralph S. Kent* for respondent.

Werner, J. On the 22d day of October, 1902, the defendant operated a mill for the manufacture of cereals, and the plaintiff was there employed as a common laborer to fill bags. While thus engaged on the day mentioned, the plaintiff was injured by an explosion of dust, and this action was brought to recover damages for the injuries thus sustained by him. At the trial the jury rendered a verdict for the defendant, and a judgment was entered dismissing the complaint upon the merits. At the Appellate Division that judgment was affirmed by a divided vote, and the plaintiff has now appealed to this court.

The plaintiff admits that upon the record before us he presents a very slender case, but that is due, so his counsel asserts, to the rulings of the learned trial justice excluding much evidence that was competent and material to the issue. A short reference to the allegations of the complaint, and the statement of a few additional facts relating to the accident, will enable us to determine how well founded that assertion is.

One of the allegations of the complaint is to the effect that the defendant was negligent in not providing adequate facilities for collecting and removing the dust created in the operation of its mill; and in failing to provide the attrition mill with screens, separators and other safeguards designed to prevent the passage of small pieces of metal, the friction from which would create sparks that might cause combustion when brought into contact with cereal dust. As bearing upon that allegation the following facts were established: One of the departments of the defendant's business was given over to the manufacture of cattle feed, produced from the hulls of oats. This was the department in which the plaintiff was employed at the time he was injured. In this process of making cattle feed, a mechanical conveyor carried the oat hulls from the

receiving bin to a leg through which they were elevated to the fourth floor, from which they were let down into a magnetic separator on the third floor. This machine was equipped with a magnet and plate so constructed as to attract and separate from the cereal hulls all nails, bits of wire and other metallic substances, and these were in turn removed from the plate by means of mechanical scrapers. When the hulls had passed through the separator they were conveyed along to the attrition mill, which was on the fifth floor. The attrition mill was a device for grinding cereal hulls very fine, this being accomplished by means of two steel disks running in opposite directions at from twelve to sixteen hundred revolutions per minute. When the hulls were free from foreign substance, such as metal or glass, they passed between the revolving disks without incident; but when a nail or a piece of wire was carried in, the fact was indicated by noise and sparks. After the hulls were driven through the attrition mill, the ground product was elevated to bins on the fourth floor, from which it was discharged through spouts. The plaintiff was engaged in filling bags at one of these spouts when there occurred a severe dust explosion by which he was burned and otherwise injured. Similar explosions had previously happened in this mill, the dust having been ignited by sparks caused by metallic friction in the attrition mill, and combustion without violent explosion, produced by the same causes, had been more frequent.

Counsel for the plaintiff sought to support the charge of negligence against the defendant by attempting to show. the danger incident to the friction of foreign metallic substances in the attrition mill, and by supplementary proof that there was in common use a method for preventing the passage of such foreign substances. When he interrogated an expert, called as a witness for the plaintiff, as to the " effect of foreign substances going through the attrition mill," the learned trial court interjected the suggestion that it was not necessary to take the opinion of experts upon that subject because it was " common knowledge what might happen." Counsel

for the plaintiff evidently acquiesced in this ruling, for no exception appears to have been taken to it.   Later in the trial, however, the court permitted the defendant's witnesses to testify to the effect of foreign metallic substances in the attrition mill, and that the defendant's officers never had "any information or knowledge or reason to apprehend" an explosion from any such cause.   This was received over the objection and exception of plaintiff's counsel.   If this was a matter of such common knowledge as to justify the exclusion of plaintiff's evidence upon the subject, it was apparently not necessary or proper to receive similar evidence when offered by the defendant; and if the evidence was competent, as we think it was, the plaintiff should have been permitted to present to the jury the views of his experts.

Counsel for the plaintiff, having thus been assured that it would not be necessary to prove what the trial court seemed to regard as a matter of common knowledge, next attempted to establish that there is a method in general use for preventing foreign substances going through an attrition mill.   Here the court inquired whether the testimony was to be the same as upon a former trial.   Counsel for the plaintiff replied in the affirmative.   Then the court proceeded to sustain an objection, although, according to the record, none seems to have been made, and excluded the proffered evidence upon the ground "that the question has already been decided by the Appellate Division of this court as a matter of law." The basis for this novel ruling seems to have been the majority opinion of the Appellate Division upon appeal from a former judgment in the same action, in which the conclusion was reached that upon the issue of fact presented by the testimony of the milling experts, *pro* and *con*, the judgment entered upon a verdict for the plaintiff was against the weight of the evidence.   We are at a loss to understand how that decision upon a former appeal affected the competency of the evidence which the plaintiff thus sought to introduce upon the last trial.   It is quite possible that the plaintiff might have failed a second time to establish by a preponder-

ance of the evidence the existence of a method by which the defendant, in the exercise of reasonable care, could have averted the explosion in which the plaintiff was injured. That is a consideration which relates purely to the weight of the evidence, and has nothing whatever to do with its competency. If the evidence was competent, as we think it was, the decision of the Appellate Division as to its weight was conclusive only as to the trial which had been reviewed. For the purposes of the succeeding trial the case was to be presented *de novo*, as though it had never been heard before.

Other rulings are challenged by the plaintiff. He complains that he was not permitted to show that the defendant had failed to adopt and promulgate any rule as to stopping the attrition mill when its operation indicated that foreign metallic substances were passing through it; and that on many occasions prior to the accident the belt which operated the brush on the magnetic separator was so loose that the brush did not work, and the separator became clogged. The interrogatories and offers of proof relating to these two subjects are so general and indefinite as to time and other material considerations that we shall not assume to pass upon the correctness of the rulings. The condition of the belting and machinery may be of vital importance to the plaintiff's case, if so connected with the time and circumstance of the explosion as to render the defendant responsible to the plaintiff for its consequences. In this respect, however, the present record is too vague to admit of anything more than speculation.

The judgment should be reversed and a new trial granted, with costs to the appellant to abide the event.

CULLEN, Ch. J., GRAY, EDWARD T. BARTLETT, WILLARD BARTLETT, HISCOCK and CHASE, JJ., concur.

Judgment reversed, etc.