### HANKOWSKA v. BUFFALO SAVINGS BANK.

(Supreme Court, Appellate Division, Fourth Department.    March 5, 1913.)

1. APPEAL AND ERROR (§ 1068*)—HARMLESS ERROR—INSTRUCTIONS.
    Where on the undisputed facts plaintiff was entitled to recover, the refusal of the court to charge as requested by defendant was immaterial.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4225–4228, 4230; Dec. Dig. § 1068;* Trial, Cent. Dig. § 475.]

2. BANKS AND BANKING (§ 301*)—DEPOSITS IN BANKS—CHECKS—FORGERY.
    Where plaintiff deposited money under the name of Antonina H., and, not being able to write, always signed her checks by mark, with a certificate of a notary attached, the bank, in paying a check signed by mark of "Antuia" H., with the certificate of a notary known by the teller, and to a person to whom the teller had paid money before, although the passbook was presented (having been stolen), did not exercise ordinary care and diligence, and was not protected.
    [Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 1159, 1162–1176; Dec. Dig. § 301.*]
    Lambert and Robson, JJ., dissenting.

Appeal from Special Term, Erie County.

Action by Antonina Hankowska against the Buffalo Savings Bank. Judgment for plaintiff, and defendant appeals. Affirmed.

See, also, 149 App. Div. 929, 133 N. Y. Supp. 1125.

Argued before McLENNAN, P. J., and KRUSE, ROBSON, FOOTE, and LAMBERT, JJ.

Irving R. Templeton, of Buffalo, for appellant.
Farrington & Farrington, of Buffalo, for respondent.

McLENNAN, P. J. [1] I am of the opinion that upon the undisputed facts appearing in the record the plaintiff was entitled to recover as matter of law, and that, therefore, the refusal of the court to charge as requested was entirely immaterial.

[2] The evidence presented by the plaintiff, none of which is disputed, shows that the plaintiff opened an account with the defendant under the name of Antonina Hankowska, and received a passbook and a special form of check or order, which required the signature to be acknowledged before a notary public. The defendant paid the sum

of $200 to one Hèlen Kaminski upon a forged check, signed "Antuia X Hankowska," with the certificate of a notary public attached, certifying that Antuia Hankowska had appeared before him and acknowledged the signature to the check. The passbook was presented at the time of such withdrawal, it having been stolen from the plaintiff. The signature card required by defendant at the time of the opening of the account showed the depositor's name to be Antonina Hankowska, and that she signed by her mark. The defendant could not, therefore, under ordinary circumstances, be charged with negligence in failing to detect forgery in the making of the mark. It assumes to rely upon the rule contained in the passbook providing that the possession of the passbook shall be sufficient authority to warrant any payment made and entered in it, and upon the facts shown upon the face of the notary's certificate, which it had the right to presume to be correct.

> "It is well settled, however, that payment made to a person who is not in fact entitled to draw the deposit, though he may have possession of the book and present it at the time of payment, will not discharge the bank, unless it exercised at least ordinary care and diligence in paying the money to the wrong person." Gearns v. Bowery Savings Bank, 135 N. Y. 557, 32 N. E. 249.

In addition to requiring the presentation of the passbook, it was defendant's duty to use ordinary care and diligence to ascertain whether the check or order presented was signed by the depositor, and not by someone else. The defendant relies solely upon the presumption appearing upon the face of the notary's certificate to determine this fact. The presumption to be drawn from that certificate is merely the fact stated in it, viz., that one Antuia Hankowska had signed the check by her mark, and that she had acknowledged the execution thereof before the notary. I know of no rule of law whereby the defendant would be justified in presuming that such a certificate in reality referred to Antonina Hankowska.

Upon these facts, I think the presumption of law arises that the defendant failed to exercise any care to ascertain whether the order or check was signed by the depositor, and the court would have been warranted in directing a verdict for the plaintiff, if the defendant showed no facts in contradiction. I am of the opinion that the evidence presented by the defendant in no way contradicts or varies the evidence of the plaintiff. On behalf of the defendant, it was merely shown that the teller who paid the forged check knew the person who presented it, had paid her money before, knew the notary who executed the certificate, and knew his signature. None of these facts indicate any care on the part of the teller, and I fail to see how any question of fact was presented upon all the evidence.

This case has been tried three times before a jury, resulting in each instance in a verdict for the plaintiff. Upon each trial the facts have appeared substantially as upon the present trial. It seems to me that the refusal to charge as requested was harmless in any view of the case, and that the judgment should be affirmed, with costs.

Judgment affirmed with costs.  All concur, KRUSE, J., in result in a separate memorandum, except ROBSON, J., and LAMBERT, J., who dissent in an opinion by LAMBERT, J.

LAMBERT, J.  I dissent.  The action is brought to recover a deposit made by respondent in the defendant's bank.  The action has been tried three times, and three verdicts have been rendered for the plaintiff.  The judgment in respondent's favor, upon the first trial, was affirmed by the Special Term, and was reversed by this court, for error in the admission of evidence, but without opinion.  The second judgment was set aside by the Special Term, as being against the weight of the evidence.  The judgment upon the third trial has been affirmed by the Special Term, and this appeal is from such order and judgment of affirmance.

.It appears that the respondent is an illiterate Polish woman, residing in Buffalo.  Upon the opening of her account with appellant, she was furnished a passbook, upon which were printed the rules governing the withdrawal of the account, and which provide that the production of the passbook and indorsement therein of payments made upon the account shall be sufficient evidence of proper payment from such account.  She was also provided by the bank with special check forms, which had upon their face a notary's certificate to be filled out and certified to the effect that the person signing such check, acknowledged such signature.  It appears that the respondent kept this passbook and these check forms in a drawer at her home; that on September 9, 1910, one Helen Kaminski, a relative of the respondent, obtained possession of one of the check forms and filled same in, signing thereto the name "Antuia Hankowska," and procured the notary's certificate to be filled out and certified by a notary public, to the effect that "Antuia Hankowska" acknowledged the signing thereof.  Helen Kaminski then took this check to the defendant bank and inquired whether it was properly executed.  She was informed that it was.  She then stole the passbook from the respondent, and presented passbook and the check to the appellant, and received payment of the check.  It is claimed that all this was without the knowledge or consent of the respondent, and the jury has so found.

Respondent contends that the obligation of the bank to repay her money is not so modified by the rule above referred to as to relieve the bank from its duty of reasonable care in paying only to her or upon her order.  This is undoubtedly true, in view of the further rule of the bank, in evidence, which distinctly provides that payment will only be made to the depositor or her authorized payer.  This, then, leaves the issue to be determined one of due care on the part of the bank, as excusing its breach of the contract to repay the money to respondent.

Appellant contends that the decision by the Special Term, upon the second appeal, that the verdict was against the weight of evidence, was controlling upon the Special Term, upon this appeal, inasmuch as the evidence upon the two trials was practically identical.  We cannot agree to this doctrine.  The new trial proceeds de novo, and as though

the action had never before been·tried.   Sticht v. Buffalo Cereal Co.,
195 N. Y. 74, 75, 87 N. E. 801.

As to the sufficiency of plaintiff's proof to present a question of
fact for the jury, we agree with the City Court and the Special Term,
whose conclusions are here for review.   We base our conclusion upon
the fact that the given name, signed to the check and written into the
notary's certificate, is so dissimilar to the given name of the depositor,
this plaintiff, that we regard that fact alone as sufficient to require the
submission to the jury of the question of care·by the bank in mak-
ing this payment.   But because of the fact that the question so pre-
sented is so close, upon the evidence, we feel compelled to again re-
verse this case, for error found in the charge.

The court was asked to charge the jury that the burden of proving
negligence and want of care on the part of the bank was upon the
plaintiff.   This the court declined to do, and to such refusal proper
exception was taken.   Such ruling was erroneous.   The action was,
in form, for breach of contract, although the real issue was one of
negligence.   The proof of the breach of contract was, no doubt, suffi-
cient to put the defendant to its proof, as a prima facie case was then
made out.   But when the proof was in, by which the defendant
claimed to have excused the breach by establishing due care upon
its part, then the burden was still upon the plaintiff of showing that
the payment to Helen Kaminski was negligently made.   It is only
where a presumption of law arises upon the plaintiff's proof sufficient
to sustain a recovery that the burden shifts from the plaintiff to the
defendant.   When the presumption to be indulged in is one of fact,
then the burden does not shift, although the defendant is put to his
proof; and when the defense is in, then the burden still remains with
the plaintiff to maintain the issue.   Banker v. Banker, 63 N. Y. 409;
Kay v. Met. Street Ry. Co., 163 N. Y. 447, 57 N. E. 751.

I see no distinction in principle between this case and those cases
brought by passengers against common carriers to recover for injuries
received in transit.   Those latter cases are primarily for breach of
the contract for safe carriage, and proof of the contract and of its
breach makes a prima facie case of negligence.   This is sufficient to
put the defendant to its proof; but, when the evidence is all in, then
the burden is still upon the plaintiff of showing lack of care.   That
class of cases, and the application of this rule, are well illustrated by
the case of Kay v. Met. Street Ry. Co., supra.

The judgment must be reversed, and a new trial ordered in the
City Court, with costs to abide the event.

KRUSE, J. (dissenting).   I agree with Mr. Justice LAMBERT that
there is enough of the evidence to make the question of the negli-
gence of the savings bank one of fact, and perhaps the charge is not
entirely free from criticism.   But there have been three trials.   The
verdict of the jury has been favorable to the plaintiff in each, and
in all human probability the result will always be the same.

I think, under the circumstances, we had better affirm the judg-
ment and end the litigation.