[No. 7415]

### FEHRINGER, ADMINISTRATOR, v. F. H. MARTIN DRUG COMPANY.

1. ESTOPPEL—*By Record*—In order that a judgment shall be a bar to a second action it must appear that the action in which the judgment was given was between the same parties, or their privies, and, by the record, or extraneous evidence that the question in issue in the second action was presented and determined by such judgment.

Former Judgment Pleaded. The pleadings examined and *held* that the identity of the matter in issue in the two actions did not appear.

2. PLEADINGS—*Judgment on the Pleadings*, is not to be granted unless from the facts established by the pleadings a judgment upon the merits can be pronounced.

3. JUDGMENT—*Record Construed*—Where it appears by the record that the cause was heard and determined on defendant's motion for judgment on the pleadings, the contention, on appeal, that the court heard and considered evidence *aliunde* the pleadings rejected.

*Error to El Paso District Court.*—Hon. J. W. SHEAFOR, Judge.

Mr. WILLIAM C. ROBINSON and Mr. CHARLES S. THOMAS, for plaintiff in error.

Messrs. ORR & CUNNINGHAM and Mr. H. M. MASON, for defendant in error.

Plaintiff in error brought an action to recover the sum of $4,100.00, alleged to be the balance due for the purchase price of a drug store sold by his intestate to the defendant. The defendant answered denying that it bought the store from Fehringer, and denied that it was indebted to plaintiff in any sum whatever; and, for further answer, it alleged that it bought from F. H. Martin, who had bought from Fehringer, for the sum of $5,000.00; that after it purchased from Martin he commenced an action against plaintiff in error in his representative capacity, and as sole heir at law of Otto G. Fehringer, deceased, the object of which was to obtain a decree adjudging that a note for $2,000.00, executed by him, had been paid, and that a lien on real estate given to secure it be released, and that another note in the sum of $3,000.0, also executed by him, be decreed paid except the sum of $570.75, the balance due thereon. It was further alleged that plaintiff in error filed an answer in that action by way of defense and counter-claim, in which he alleged that Martin had been indebted to the Fehringer estate in the sum of $10,640.00, upon which there was a balance due of $4,100.00, for which judgment, with interest, was prayed; that to this answer Martin replied, denying that he was ever indebted to Fehringer except upon the notes above mentioned; that upon the trial of that action it became and was, among other issues tried, a material issue as to what was the purchase price of the drug store mentioned in the complaint, and to whom it was sold; that evidence was offered to support the contention then made by Martin that the store was sold to him by Fehringer for the sum of $5,000.00, and on behalf of plaintiff in error that the purchase price of the store was $10,000.00; that the drug store involved in that case was the identical one mentioned and referred to in the complaint; that the court found that Martin was indebted to the estate in the sum of $570.75, and judgment was ren-

dered accordingly, and that this judgment is in full force and effect and has not been modified or reversed. To this answer plaintiff replied in substance wherein he admitted the action set out in the answer was brought upon the notes therein mentioned, for the purpose, among other things, of ascertaining the amount due thereon. He then sets out the answer in the former case, from which it appears it was alleged that the sum of $1,000.00, and no more, had been paid by Martin on these notes; that Martin had become indebted to Fehringer in the sum of $10,-640.00; that, as evidence of part of this indebtedness, Martin had executed and delivered to Fehringer the notes mentioned, and that payments, which it was alleged by Martin should be credited on the notes, had in fact been paid to liquidate that part of the indebtedness to Fehringer, over and above the notes mentioned, except the sum of $1,000.00—leaving as claimed due upon the notes involved the sum of $4,100.00.

Plaintiff further pleaded the judgment rendered in the action, from which it appears the court found that the $2,000.00 note had been paid; that the $3,000.00 note had also been paid, except the sum of $570.75; and entered judgment declaring the first note fully satisfied, and that the defendant, as administrator, recover from the plaintiff the sum of $570.75, as the balance due on the second note. He also denied that the issues in the case at bar or the cause of action therein were litigated or determined in the action pleaded as a bar. The defendant filed a motion for judgment on the pleadings. It appears from the record counsel stipulated that in considering this motion either party might read, subject to all objections of the other party for irrelevancy or incompetency, any part or portion of the record in the case in which the judgment pleaded as a bar to the action was rendered. The record recites in substance that the cause was heard on defendant's motion for judgment on the

pleadings, that the motion was granted and that judgment was rendered in favor of the defendant.

Mr. Justice Gabbert delivered the opinion of the court:

In order to constitute an estoppel by judgment pleaded as a bar to a second action it must appear that the same identical question was in issue in the former action between the same parties, or their privies, and determined by the judgment therein; *Hickey v. Anheuser Bush Brewing Association,* 36 Colo. 386, 85 Pac. 838; *Water Supply & S. Co. v. Larimer & W. R. Co.,* 25 Colo. 87, 53 Pac. 386; *City of Denver v. Lobenstein,* 3 Colo. 216; *Williams v. Hacker,* 16 Colo. 113, 26 Pac. 143. The judgment so pleaded, however, will not operate as an estoppel unless it appears either upon the face of the pleadings or by extrinsic evidence that the precise question in the second action was raised and determined in the first; *Russell v. Place,* 94 U. S. 606, 24 L. Ed. 214. It will be observed from the pleadings of the parties that in the action pleaded as a bar there is nothing in either the pleadings or judgment to indicate that plaintiff's cause of action was litigated and determined therein. The defendant pleaded that it was, but plaintiff, by his replication, raised an issue on this question. With an issue on the question of the identity of the causes of action made by the pleadings upon which the motion for judgment was based, it did not appear that the cause of action was the same in both cases; *Moorhead v. Erie M. & M. Co.,* 43 Colo. 408, 96 Pac. 253. This was an issue of fact which could only be determined from evidence. A motion for judgment on the pleadings can not prevail unless, from the facts thereby established, a judgment on the merits can be pronounced; *Mills v. Hart,* 24 Colo. 505, 52 Pac. 680, 65 Am. St. 241.

Counsel for defendant contend that, because of the

stipulation, the court in determining the motion considered the testimony and instructions in the former case. The record will not bear this construction. It recites in substance that the cause was heard on defendant's motion for judgment on the pleadings,—nothing else is mentioned or referred to in the record of the proceedings or judgment.

Had the cause been disposed of by determining the facts in issue from testimony introduced the record would have so recited. As it does not we must assume that the consideration of the motion was limited to the pleadings upon which it was based.

The judgment of the district court is reversed and the cause remanded with directions to overrule the motion.

*Judgment reversed.*

CHIEF JUSTICE MUSSER and Mr. JUSTICE SCOTT concur.