JAMES J. GEARNS, Administrator, etc., Appellant, *v.* THE BOWERY SAVINGS BANK, Respondent.

Payment by a savings bank of a deposit to a person not entitled to receive it, though he may have possession of the bank book and present it, will not discharge the bank, if at .the time of payment a fact or circumstance was brought to the knowledge of the bank officers, calculated to excite the suspicion of and inquiry by an ordinarily careful person, and they failed to make inquiry or to exercise at least ordinary care and diligence.

In an action by plaintiff, as administrator of the estate of M., to recover the balance of a deposit account with defendant, as such administrator, the latter pleaded payment, and proved that said balance had been paid to one K., a person unknown to defendant's officers, upon presentation by him of the pass book, together with a paper purporting to be a power of attorney, executed by plaintiff in his individual capacity, wherein he was described as executor of the will of P., and which although it gave the correct number of the pass book, by its terms authorized K. to draw all moneys on deposit with defendant credited to plaintiff as such executor. It appeared that K. obtained possession of

the pass book and procured plaintiff's signature to the power of attorney by fraud. Plaintiff's counsel requested the submission to the jury of the question as to whether defendant acted with ordinary care and diligence in making such payment which was refused. *Held*, error; that as the alleged power of attorney, upon its face, did not relate to the deposit in question, and conferred no power upon K. to draw the money or upon defendant to pay it to him, this might furnish reasonable grounds for suspicion and, under the circumstances, the question of defendant's negligence should have been submitted to the jury.

(Argued October 14, 1892; decided October 25, 1892.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made May 8, 1891, which affirmed a judgment in favor of defendant entered upon a verdict.

This was an action to recover of defendant, the Bowery Savings Bank, the sum of $1,335.06, with interest, alleged to be standing to the credit of plaintiff as administrator of the estate of Mary Ann Gearns, deceased, on defendant's books.

The facts, so far as material, are stated in the opinion.

*Victor J. Dowling* for appellant. The power of attorney, upon which defendant relied, was invalid and should not have been admitted in evidence. (*Craighead* v. *Patterson*, 72 N. Y. 284.) The defendant had utterly failed to prove the exercise of due care and caution on its part in making said payment. (*Smith* v. *B. S. Bank*, 101 N. Y. 58; *Appelby* v. *E. C. S. Bank*, 62 id. 12; *People* v. *T. A. S. Bank*, 98 id. 663; *Welsh* v. *G. A. Bank*, 73 id. 424; *Allen* v. *W. S. Bank*, 69 id. 314; *Kummel* v. *G. S. Bank*, 127 id. 488; *Boone* v. *C. S. Bank*, 84 id. 88.) The learned justice, before whom this case was tried, erred in refusing to allow the question of the use of proper care and diligence by the defendant to go to the jury, when requested so to do by plaintiff's counsel. He also erred in his charge to the jury in removing from their consideration all questions of the use of proper care by the bank officials, as well as in his refusal to direct judgment as requested by plaintiff. (*Appleby* v. *E. C. S. Bank*, 62 N.

Opinion of the Court, per O'BRIEN, J.

Y. 12; *Allen* v. *W. S. Bank*, 69 id. 314; *Smith* v. *B. S. Bank*, 101 id. 58; *Kummel* v. *G. S. Bank*, 127 id. 488; *Farmer* v. *M. S. Inst.*, 15 N. Y. Supp. 235; *Clark* v. *S. S. Bank*, 17 id. 215; *Wall* v. *E. I. S. Bank*, 19 id. 194.)

*Carlisle Norwood* for respondent. The letter of attorney presented to defendant by Keeler with the book when payment was demanded and made was properly received in evidence. (*Atkins* v. *Elwell*, 45 N. Y. 753; *Herty* v. *S. M. Co.*, 35 Hun, 116; *Staats* v. *H. R. R. R. Co.*, 39 Barb. 298.) The second assistant secretary of the bank was clearly competent to give his opinion as to the genuineness of the disputed signatures without ever having seen the plaintiff sign his name. (1 Greenl. on Ev. §§ 576, 577, 578, 581; *Doe* v. *Suckermore*, 5 A. & E. 730; Best on Ev. § 239; *Rogers* v. *Ritter*, 12 Wall. 317; *Bank of Commonwealth* v. *Mudgett*, 44 N. Y. 523; *Miles* v. *Loomis*, 75 id. 288; *Rogers* v. *Shaler*, Anthon, 149; *Smith* v. *Sainsbury*, 5 C. & P. 196; *Solita* v. *Yarrow*, M. & R. 133; 7 C. & P. 595.) The claim of a direction of a verdict for plaintiff on the ground that the bank had been negligent was properly overruled. (*Israel* v. *B. S. Bank*, 9 Daly, 507, 509; *Schoenwald* v. *M. S. Bank*, 57 N. Y. 418; *Appleby* v. *E. Co. S. Bank*, 62 id. 12.)

O'BRIEN, J. At the time of the death of Mary Ann Gearns, in the month of February, 1882, there was on deposit to her credit with the defendant about $1,500. This deposit was evidenced by a pass book which the defendant had delivered to her and which contained a statement of the account. It was to be repaid by the defendant under certain rules and regulations prescribed by the trustees, which it must be presumed the depositor assented to and form part of the contract between the parties. These rules so far as they bear upon the question involved in this case, provided that all deposits should be entered upon the books of the bank, and that a pass book should be given to the depositor, in which the sum deposited should be entered, and should constitute

the voucher and evidence of the property of the depositor in the bank. They also provided that all payments made to persons producing the deposit book should be deemed good and valid payments to depositors respectively. On the first of December, 1885, the plaintiff was appointed administrator of Mary Ann Gearns, the original depositor, by the surrogate of New York and two days thereafter he presented the pass book in which the deposit had been entered at the bank, with a certificate of the surrogate showing his appointment as administrator, and thereupon the defendant transferred to his credit, as such administrator, the amount of the deposit with the accrued interest, amounting to the sum of $1,769.06. The defendant also took from the plaintiff a receipt for that sum, as administrator, and issued to him, in that capacity, a new pass book in which that sum was credited, and the old book was surrendered. On July 27, 1886, the plaintiff drew from the bank from this deposit $434 giving his receipt therefor, as administrator, and no other sum was paid to the plaintiff. This action was brought to recover the balance and the plaintiff has been defeated. It appears that the balance amounting to $1,552.86, including interest, on the fourth day of February, 1889, was paid by the defendant to one Keeler, an attorney, and the validity of this payment as against the plaintiff, was the question litigated at the trial. It was shown that Keeler presented the pass book to the defendant together with a paper purporting to be a power of attorney from the plaintiff. It purported to bear the signature of the plaintiff, not in his representative but only in his individual capacity. The plaintiff, however, denied that he ever signed it and the genuineness of the signature was the only question submitted to the jury. The evidence was conflicting, and as the verdict was in favor of the defendant the plaintiff is concluded by the finding. The evidence would seem to indicate that if the plaintiff signed the paper his signature was procured by fraud, but if the defendant had the right to and did act upon it the circumstances under which the signature was obtained would not change its liability.

The instrument also purported to be acknowledged before Keeler himself, as a commissioner of deeds, but the plaintiff testifies that he never acknowledged it, and Keeler was not produced at the trial, nor does it appear where he is farther than a statement in the brief of the learned counsel for the appellant that he is a fugitive from justice. The plaintiff was also at the time that the money was drawn from the bank by Keeler, and at the date of the instrument, the executor of the will of Patrick J. Gearns, deceased. The language of the power of attorney, so far as the same is material here, is as follows: "Know all men by these presents that I, James J. Gearns as executor of the last will and testament of Patrick J. Gearns, deceased, have made, constituted and appointed and by these presents do make. constitute and appoint William A. Keeler attorney at law my true and lawful attorney for me, in my name, place and stead, hereby authorizing him to draw all moneys credited to me as executor of the estate of Patrick J. Gearns, deceased, now in the Bowery Savings Bank in the city of New York, as appears from bank book No. 610,460; and likewise my said attorney William A. Keeler hereby is granted full power and authority to draw and receive from the Bank for Savings in the city of New York all moneys due me as executor and administrator of the estate of Patrick J. Gearns, deceased, as may appear due me by the bank book No. 547,881, and also all moneys now to my credit in the Emigrant Industrial Savings Bank, as shown in book 166,271, giving and granting to my said attorney full power and authority to do and perform all and every act and thing whatsoever requisite and necessary to be done in and about the premises, as fully to all intents and purposes as I might or could if personally present, with full power of substitution and revocation, hereby ratifying and confirming all that my said attorney or his substitute shall lawfully do or cause to be done by virtue hereof."

Apart from the fact that this instrument bore the signature of the plaintiff individually, and not as the personal representative of the original depositor, and that the person whose

name was subscribed to it was described in the body of the paper as the executor of another estate or interest, it did not confer any power to demand or receive payment of the deposit in question. The fund to which it referred was that of another person, namely, that credited to the plaintiff as the executor of Patrick J. Gearns, deceased. It is true that the power refers to bank book No. 610,460, which was the number by which the deposit in question was designated, but that was merely descriptive of the deposit to which the paper related, namely, that of Patrick J. Gearns, deceased. The instrument, therefore, upon its face conferred no power upon the attorney to demand payment of the deposit in question, nor any authority upon the defendant to make payment to him. The defendant's justification for paying the deposit to Keeler must rest upon the circumstance that he had possession of the pass book, which evidenced the deposit, and presented it to the defendant when he demanded the fund. Unless it is protected by this fact and the rule under which the deposit was received, the defense must fail. It is well settled, however, that payment made to a person who is not in fact entitled to draw the deposit, though he may have possession of the book and present it at the time of payment, will not discharge the bank, unless it exercised at least ordinary care and diligence in paying the money to the wrong person. If at the time a fact or circumstance was brought to the knowledge of the defendant's officers which was calculated to and ought to have excited the suspicion and inquiry of an ordinarily careful person, it was clearly their duty to institute such inquiry, and their failure to do so presented a question for the consideration of the jury. (*Appleby* v. *Erie County Savings Bank*, 62 N. Y. 12; *People* v. *Third Avenue Savings Bank*, 98 id. 663; *Allen* v. *Williamsburgh Savings Bank*, 69 id. 314; *Boone* v. *Citizens' Savings Bank*, 84 id. 88; *Smith* v. *Brooklyn Savings Bank*, 101 id. 58; *Kummel* v. *Germania Savings Bank*, 127 id. 488.)

On the trial the plaintiff's counsel requested the court to submit to the jury the question whether, under all the facts and

circumstances disclosed, the defendant's officers, in making the payment, exercised that degree of care and diligence which the law imposed upon them. This request was denied and the plaintiff's counsel excepted. The learned trial judge did rule that though the power of attorney should be found to be a forgery, as claimed by the plaintiff, still the defendant would be protected by the payment made, if, in making it, due care and caution was observed, and that he would submit that question to the jury if the defendant so requested, but otherwise not. The defendant's counsel announced that he did not desire to go to the jury on that question. The learned judge held, therefore, as the record shows, that while the defendant might protect itself by proof of due care in making the payment, yet the absence of such care was not an element to be considered in determining the plaintiff's right to recover. This, we think, was error. The defendant paid the deposit to a person who, upon the evidence, obtained possession of the pass book and procured the signature of the plaintiff to the power of attorney by fraud if he signed it at all. It turned out that the power of attorney was defective in form in that it did not in terms authorize the payment of the fund in question, but related to another and different fund. The defendant could then fall back upon the defense that payment was made to the holder of the book, and hence the question of negligence was involved in this branch of the defense. So the plaintiff, when he failed to satisfy the jury that the signature to the power of attorney was forged, could still urge that, though the signature was genuine, it had been procured by fraud, and that by the terms of the instrument, whether genuine or not, no power was conferred upon the beneficiary named therein to draw this money, nor any authority upon the defendant to make payment as it did. If it was proper to submit the question of negligence to the jury at the request of the defendant, it was at least equally proper and competent to submit it to the jury at the request of the plaintiff. It could not be submitted in either case unless there were facts and circumstances from which an inference could

be drawn one way or the other. The person who presented the book was a stranger who evidently deemed it necessary to arm himself with something more, and with it he presented a paper which purported to contain authority to draw money from three savings banks credited, not to the owner of this deposit, but to another estate, and which, when examined with the requisite care, might furnish reasonable ground for suspicion. It is not the province of this court, or of any other court dealing with questions of law, to determine the weight and effect of the circumstances brought to the attention of the defendant's officers by the presence of the person in the bank to whom payment was made with the book and the so-called power of attorney, nor to point out the inferences which a careful and prudent man might be expected to draw from them. It is sufficient to say that in our opinion they were of such a character as to require their submission to the jury.

The judgment should be reversed and a new trial granted, costs to abide the event.

All concur.

Judgment reversed.