(17 Misc. Rep. 57.)

### GEITELSOHN v. CITIZENS' SAV. BANK.

(City Court of New York, General Term. May 28, 1896.)

SAVINGS BANKS—PAYING OUT DEPOSITS—IDENTIFYING DEPOSITOR.

Plaintiff deposited $1,310 in defendant's savings bank, and at various times during the course of three years drew out $330 in small amounts. Afterwards some one stole plaintiff's pass book, and drew out the balance in one sum. Defendant did not require the identification of the person presenting the book, or enforce the rule that previous notice must be given of the amount which a depositor might wish to draw out. Plaintiff could not read or write, and his attention was not called to defendant's rules, printed in the pass book, that all payments to persons producing the pass book should be valid payments to discharge the bank. *Held*, that defendant did not exercise ordinary care in paying out the balance of plaintiff's money, and that plaintiff was entitled to recover.

Appeal from trial term.

Action by Louis Geitelsohn against the Citizens' Savings Bank. There was a judgment in favor of plaintiff, and defendant appeals. Affirmed.

Argued before SCHUCHMAN and CONLAN, JJ.

John W. Piersson, for appellant.
D. M. Neuberger, for respondent.

SCHUCHMAN, J. The facts of this case are as follows:
The plaintiff, between August 21, 1886, and January 1, 1890, deposited in the bank of the defendants the sum of $1,259. On January 20, 1890, his deposit account, together with interest, stood at the

sum of $1,310.84.    The plaintiff withdrew from the said account the
following sums:

| | | | | | | | $ | |
|---|---|---|---|---|---|---|---|---|
| On March | 30, 1887, | the sum of | | | | | 5 | 00 |
| On March | 28, 1888, | the sum of | | | | | 40 | 00 |
| On September | 15, 1888, | the sum of | | | | | 15 | 00 |
| On September | 28, 1888, | the sum of | | | | | 60 | 00 |
| On April | 9, 1888, | the sum of | | | | | 30 | 00 |
| On August | 14, 1888, | the sum of | | | | | 80· | 00 |
| On November | 11, 1889, | the sum of | | | | | 40 | 00 |
| On November | 18, 1889, | the sum of | | | | | 50 | 00 |
| On January | 7, 1890, | the sum of | | | | | 10 | 00 |
| | | | | | | $ | 330 | 00 |
| On January | 20, 1890, | the sum of | | | | $ | 980 | 84 |
| Making in all the sum of | | | | | | | $1,310 | 84 |

The plaintiff did not draw the said $980.84, but, presumably, one
Feinsohn, who slept with plaintiff, in the same room, stole plaintiff's
bank book from a bureau drawer, which had been locked, and pre-
sented the bank book to the bank, and drew the money. The evidence
further established that the said bank paid plaintiff the said sum of
$330 in nine separate payments, in small amounts; that the last pay-
ment, of January 20, 1890, was made by the bank in the sum of
$980.84, was made in one lump sum, and withdrew the whole deposit;
that the bank did not require any identification of the person present-
ing the bank book and requesting the payment of the total deposit,
nor did they require the enforcement of their rule, to wit:

"No person shall have the right to withdraw any part of the amount that
may be to his credit, unless he has given ninety days' previous notice to the
bank of the amount which he wishes to withdraw."

· Nor did they send to the plaintiff's residence, at 101 Orchard street,
about five blocks from the bank's office. The plaintiff had not left
any signature of his at the bank, he being unable to write, and he
evidenced his signature at the bank by a mark.

There appears to be no disputed facts in this case, and therefore
a question of law only is presented for the determination of the
court. The defendants rely upon the three following rules, which
are printed in the pass book, and which they claim constitute a con-
tract between themselves and their depositors, which rules are
printed in the English, French, and German languages. The rules
are as follows:

"First. Every person, on becoming a depositor with this bank, shall hereby
consent and agree to be governed by the by-laws, rules, and regulations of the
bank. Second. All deposits and all withdrawals will be entered in a book
given to the depositor on making his first deposit, which shall be the voucher
of the depositor, and the evidence of his property in the institution, and the
presentation of the book shall be sufficient authority to the bank to make any
payment to the bearer thereof. Third. All payments to persons producing the
pass book issued by the bank shall be valid payments to discharge the bank."

But the plaintiff testified that he could not read nor write, and
there was no evidence that his attention was called to the said rules
by any one. There being no conflict of evidence or disputed facts in
the case, it presents a question of law only, for the determination of

the court. See Allen v. Bank, 69 N. Y. 314, 322. The rule of law is that when there is no conflict of evidence, and no disputed facts in the case, or the evidence in conflict is of such a nature that if it was submitted to a jury, and that jury found one way or another thereon, while it would be the duty of the court to set aside the verdict of the jury, as against the weight of evidence, then a question of law is presented to the court for its determination. See Hudson v. Railroad Co., 145 N. Y. 408, 412, 413, 40 N. E. 8. A savings bank is bound to exercise care and prudence in the execution of its trust, in the same degree that men of common prudence ordinarily exercise in their own affairs. The rules prescribed by a savings bank for its protection in the payment of deposits do not dispense with the exercise of ordinary care upon the part of its officers. See Hun v. Cary, 87 N. Y. 71; Appleby v. Bank, 62 N. Y. 12; Gearns v. Bank, 135 N. Y. 557, 32 N. E. 249. From the undisputed facts in evidence in this case, and the inferences which I draw from those facts, it is my opinion that the defendants did not exercise the ordinary care in making the payment of $980.84, and that the trial judge could and should have directed a verdict for the plaintiff. Instead, however, he submitted the question of care to the jury, who found in favor of the plaintiff. This was favorable to defendants, because it gave them another chance of success. It certainly did not injure them. It follows that the defendants' motion to dismiss the plaintiff's complaint, and to direct a verdict for defendants, was properly denied. The charge of the trial judge was proper, and no exception had been taken to any part thereof. The allowance of the fourth, seventh, eighth, ninth, and tenth of plaintiff's requests to charge, and the refusal of the third, fourth, fifth, and sixth of defendants' requests to charge, were proper. Furthermore, the defendants pleaded payment to the plaintiff. This was an affirmative defense, and the burden was on them to establish that defense by a preponderance of evidence.

No error having been committed in the trial of this case to the injury of the defendants, the judgment is affirmed, with costs.