(36 Misc. Rep. 154.)

MAAS v. GERMAN SAV. BANK IN CITY OF NEW YORK.

(Supreme Court, Appellate Term. October, 1901.)

**1** SAVINGS BANK—PAYMENT TO FOREIGN EXECUTOR.
Letters of administration were duly issued in a county in which a nonresident intestate had a deposit with a savings bank. Thereafter, in good faith, and without notice, such bank paid his deposit to a subsequently appointed foreign administrator of the depositor, on production of the pass book and a certified copy of the letters. *Held* not to relieve the bank from liability to the resident administrator.

**2. SAME—NOTICE.**
　　Failure of the bank to inquire as to whether a resident administrator
　　had been appointed to administer the estate of a deceased depositor was
　　negligence sufficient to charge the bank with the information which such
　　an inquiry would have furnished.

Appeal from city court of New York, general term.

Action by Charles Maas, as administrator of Frieda Maas, against the German Savings Bank in the City of New York. From a judgment entered on an order of the general term (71 N. Y. Supp. 483) affirming a judgment for plaintiff, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and McADAM and GILDER-SLEEVE, JJ.

E. B. & W. J. Amend (E. I. Spink, of counsel), for appellant.

Wensley & Gilroy (Thomas F. Gilroy, Jr., of counsel), for respondent.

McADAM, J. On November 10, 1898, one Frieda Maas, domiciled in Hudson county, N. J., had on deposit in the defendant bank in the city of New York the sum of $80. On the date named the said Frieda Maas died in said county and state, leaving said sum on deposit in said bank. Thereafter one Frederick Maas, a brother of the deceased husband of said Frieda Maas, obtained from the surrogate of Hudson county, N. J., letters of administration on the estate of said Frieda Maas, and on August 23, 1899, upon presenting to the defendant a certificate of the issuance of letters of administration to him by the New Jersey court, and surrendering the pass book issued to the intestate, received from the defendant the sum standing to the credit of the intestate on defendant's books. Prior to the appointment of the foreign administrator, and on March 9, 1899, the plaintiff, also a brother of the intestate's deceased husband, was appointed by the surrogate's court of New York county administrator of the intestate, but he made no demand upon the defendant for moneys deposited with it by the intestate until August 26, 1899; and at the time the defendant paid said deposit to the foreign administrator it had no notice or knowledge of the fact that an administrator had been appointed by the courts of this state. It was admitted at the trial that the surrogate of New York county had jurisdiction to issue said letters to the plaintiff, because there were assets of the estate of Frieda Maas in said county not administered at the time of the issuing of said letters. The question is therefore a narrow one, and may be stated thus: Does the voluntary payment made in good faith to the foreign administrator, without notice of the issuance of letters of administration in this state, discharge the debtor, when in fact letters of administration had been granted on the estate of the intestate in this state? If letters of administration on the estate of the intestate had not, when the defendant paid over the deposit, been granted by the courts of this state, it would seem that the defendant's liability would have been discharged (Williams v. Storrs, 6 Johns. Ch. 353, 10 Am. Dec. 340; Doolittle v. Lewis, 7 Johns. Ch. 45, 11 Am. Dec. 389; Vroom v. Van Horne, 10 Paige, 549, 42 Am. Dec. 94; Wilkins v. Ellett, 9 Wall. 740, 19 L. Ed. 586; Schluter v. Bank, 117

N. Y. 128, 22 N. E. 572, 5 L. R. A. 541, 15 Am. St. Rep. 494; Petersen v. Bank, 32 N. Y. 21, 88 Am. Dec. 298; In re Butler, 38 N. Y. 397; Wilkins v. Ellett, 108 U. S. 256, 2 Sup. Ct. 641, 27 L. Ed. 718; Wyman v. U. S., 109 U. S. 654, 656, 3 Sup. Ct. 417, 27 L. Ed. 1068), although the foreign representative could not in this state have enforced the claim by action (Chapman v. Fish, 6 Hill, 554; Parsons v. Lyman, 20 N. Y. 103). In Vroom v. Van Horne, 10 Paige, 549, 556, 557, 42 Am. Dec. 94, 98, Chancellor Walworth stated that the results of the cases in this state seem to be that a foreign executor or administrator, appointed by the proper tribunal of the deceased's domicile, was authorized to take charge of the property here, and to receive debts due to the deceased in this state, "where there is no conflicting grant [of letters] here, and when it can be done without suit." See, also, Reynolds v. McMullen, 55 Mich. 568, 22 N. W. 41, 54 Am. Rep. 386. Where, however, at the time of the payment by the debtor, there is a conflicting grant of letters by the courts of this state, the authorities are unanimous that the foreign administrator is superseded, and he has no power to act. Stone v. Scripture, 4 Lans. 186; Society v. Vogel's Ex'x, 76 Ala. 441, 52 Am. Rep. 344; Pond v. Makepeace, 2 Metc. (Mass.) 114.

The fact that the foreign administrator had possession of the pass book does not affect the defendant's liability. As the learned trial justice says in his opinion:

"It is insisted, however, that the bank had, under the provisions of its by-laws, which had been assented to by the depositor, the right to pay upon production of the pass book, and that 'it would not be liable to any depositor for frauds committed on it or its officers by producing the pass book and drawing money without the knowledge or consent of the owner.' That this provision of the by-laws was for the bank's protection solely will not be denied. Nor does it excuse the bank from the necessity of using due care in ascertaining if the person demanding payment is the person entitled. This provision may well apply to a payment of a part of the fund, and still not be binding on the depositor when an attempt is made to close the account and draw out the entire fund. In the latter case it would seem that more than ordinary care should be required of the bank. The production of the foreign letters would have been sufficient to put the bank upon its inquiry as to whether there was any officer authorized by the courts of this state to take possession and control of the assets of the decedent, and this it does not appear to have done. Ignorance of the law excuses no one, and the bank had the undoubted right to demand of the foreign administrator the production of some kind of a certificate that there was no one in this state authorized to receive. It would, moreover, have been amply protected in refusing such payment altogether, because the foreign administrator could not maintain an action in this state to recover. And, such being the case, we are forced to the conclusion that due care and diligence were not exercised in this instance."

Appleby v. Bank, 62 N. Y. 12; Geitelsohn v. Bank, 17 Misc. Rep. 57, 39 N. Y. Supp. 840; Id., 20 Misc. Rep. 84, 45 N. Y. Supp. 90; Ficken v. Bank, 33 Misc. Rep. 92, 67 N. Y. Supp. 143; Gearns v. Bank, 135 N. Y. 557, 562, 32 N. E. 249. Under the circumstances, it would seem that ordinary care demanded investigation by the debtor as to whether the surrogate's court of New York county (the county in which the defendant carried on business) had granted letters of administration. Such an examination would at once have disclosed the plaintiff's appointment, and given the defendant full notice of his

rights. Failure to exercise this precaution was negligence on the part of the defendant sufficient to charge it with all the knowledge or information which such an examination would have afforded. The defendant knew that the intestate had property within the county of New York, and that administration might in consequence be had there as well as at the intestate's place of domicile. This was sufficient to put the defendant upon inquiry, and the rule is that whatever is sufficient to make it the duty of one to inquire as to the rights of others is considered legal notice to such person of those rights which inquiry would disclose. Ellis v. Horrman, 90 N. Y. 466, 474; Peck v. Bank (R. I.) 19 Atl. 369, 7 L. R. A. 826; Bank v. Lee (Ala.) 12 South. 572, 19 L. R. A. 705. Judgment was properly rendered in favor of plaintiff, and it must be affirmed, with costs.

Judgment affirmed, with costs. All concur.