Otto C. Jaeger, S.
In this contested accounting proceeding the executors move to vacate the objeetants’ demand for a trial by jury of those objections which relate to alleged omissions from the account of assets belonging to the estate, asserted to be in the possession of one of the coexecutors.
Whether the objeetants are entitled to a trial by jury turns upon whether their claims are based upon causes actionable at law (N. Y. Const., art. I, § 2; CPLR 4101; Surrogate’s Ct. Act, §§ 67, 68, 69; Matter of Boyle, 242 N. Y. 342; Matter of Garfield, 14 N Y 2d 251; Matter of Johnson, 46 Misc 2d 285), or are equitable in nature. Normally no constitutional right of trial by jury exists as to claims asserted in an accounting proceeding (Matter of Beare, 122 Misc. 519, affd. 214 App. Div. 723).
The objeetants contend that the relief sought is in the nature of an action in replevin, which is triable by jury as a matter of constitutional right since genuine and bona fide issues of legal title to property are raised (Matter of Nutrizio, 211 App. Div. 8; Matter of Pritchard, 227 App. Div. 105,106; Matter of Comfort, 234 App. Div. 19, 25).
The cases cited by the objeetants concern discovery proceedings, which may be brought only by estate representatives asserting on behalf of the estate legal title to property in the possession or control of others. The objeetants here challenge the validity of an alleged gift by the decedent to an individual, who is also a coexecutor, of certain shares of stock which are not included among the assets of the estate. The objeetants do not assert title in themselves, but rather assert ownership by the decedent at the time of her death. The right to the relief sought not being predicated upon legal title in the objeetants, the relief sought is equitable in nature.
The motion to vacate the demand for trial by jury is granted as a matter of law and in the exercise of the court’s discretion.