William J. Began, S.
In this contested accounting proceeding objectants contend ;they have a right to jury trial on their allegation that deceased during her lifetime merely ‘ ‘ loaned ’ ’ $15,000 to their brother, Aloysius Filipiak, he having been since appointed the executor, and that this money .should in fact be included as an estate asset. >
In the oral argument before the court counsel for objectants asserted that the relief sought is in the nature of an action for conversion which it is claimed is triable by jury as a matter of *743 constitutional right. 1 ‘ Conversion is ‘ an unauthorized assumption and exercise of the right of ownership over goods or personal chattels belonging to another, to the alteration of their condition or the exclusion of the owner’s right.’ (Bouvier Law Dict. [Rawle’s 3d Rev.] 669.) ” (Melnick v. Kukla, 228 App. Div. 321, 323.) Objectants do not assert interference with their own possession of money but rather assert ownership of the possession of money belonging to another, namely, decedent. The right to the relief sought, not being predicated upon any interference with their own possession, is equitable in nature. (Matter of Grodsky, 50 Misc 2d 220.) In addition, where money forms the subject matter of an alleged tortious act of conversion there must be a showing that the money converted is the identical money from part of the alleged “ loan ”. “ While money may be the subject of conversion, the same as any chattel, in order to entitle the plaintiff to recover in trover, it must appear that $250 of the identical money paid to defendant by Mrs. Melnick actually belonged to and was the property of the plaintiff, and that the defendant had converted this money to his own use. ’ ’ (Melnick v. Kukla, supra, p. 323.)
The motion for jury trial is denied as a matter of law and in the exercise of the court’s discretion in this accounting proceeding.