■    ANNE RENZI et al., Appellants, v. KOSTANTY ALESZCZYK et al., Respondents.— Order unanimously modified in accordance with memorandum and as modified affirmed, without costs.  Memorandum: Plaintiffs and defendant Aleszczyk are residuary legatees under a last will and testament of Michalina Zmitrowicz, also known as Balabka (deceased), who died on March 6, 1970. Aleszczyk is also executor and filed an intermediate account in Oneida County Surrogate's Court on July 12, 1972.  On October 31, 1972 plaintiff Renzi filed objections to the account, claiming that the individual defendant should be required to pay into the estate the sums of $54,660.29 and $9,239.22.  While the accounting proceeding was still pending, plaintiffs commenced the present action against both Aleszczyk and the bank.  The first three causes of action are solely against Aleszczyk in his individual capacity and not in his representative capacity as executor.  Each seeks the same relief as the objections in the accounting proceeding except for an additional demand for $10,000 punitive damages.  The fourth cause of action is solely against the defendant bank.  Plaintiffs allege that the bank owed a duty to its customers to use due care in transferring funds out of their accounts and that it breached this duty by paying out funds from two of deceased's accounts, prior to her death, to Aleszczyk upon his presentation of two powers of attorney executed by deceased with an " X ".  Plaintiffs allege that the bank should have inquired into the deceased's capacity and into the authority of the individual defendant because deceased did not sign the powers of attorney with her autograph sig-

nature as she did the signature cards which were placed in the bank's files when the accounts were opened. The first three causes of action were properly dismissed by Special Term pursuant to CPLR 3211 (subd. [a], par. 4) because another action was pending "between the same parties for the same cause of action" in the Oneida County Surrogate's Court. The parties are the same because Aleszczyk is a party to the proceeding in Surrogate's Court in his individual capacity as well as in his representative capacity as executor pursuant to SCPA 1805 (subd. 1). That statute provides that where the accounting party and an interested party contest the ownership of property which the accounting party claims individually, the Surrogate has power to try and determine the issues (see *Matter of Raymond* v. *Davis,* 248 N. Y. 67, 71–72). Furthermore, the causes of action are the same because both grow out of the same subject matter and seek the same relief (*National Fire Ins. Co. of Hartford* v. *Hughes,* 189 N. Y. 84, 87; see *Matter of Filipiak,* 66 Misc 2d 742; *Matter of Grodsky,* 50 Misc 2d 220). So far as the fourth cause of action is concerned, the bank had a duty to exercise care and diligence to determine if the party requesting the withdrawal had a right to receive the requested funds. Where some fact or circumstance ought to "have excited the suspicion and inquiry of a ordinarily careful person", the bank has a duty to inquire into the circumstances before it pays out the funds (*Novak* v. *Greater New York Savings Bank,* 30 N Y 2d 136, 141–142; *Noah* v. *Bowery Savings Bank,* 225 N. Y. 284; *Gearns* v. *Bowery Savings Bank,* 135 N. Y. 557; *Hankowska* v. *Buffalo Savings Bank,* 155 App. Div. 694; *Bloom* v. *Bank for Savings,* 14 Misc 2d 693). We conclude that the facts alleged state a cause of action. (Appeal from order of Oneida Special Term dismissing complaint in action for fraud, conversion, etc.) Present — Marsh, P. J., Witmer, Moule, Cardamone and Goldman, JJ.