■ MARIE HOLLAND et al., Appellants, v GREATER NEW YORK SAVINGS BANK, Respondent, et al., Defendant. [636 NYS2d 89] —In an action to recover damages for fraud and wrongful conversion of money, the plaintiffs appeal from an order of the Supreme Court, Kings County (Kramer, J.), entered July 12, 1994, which denied their motion for summary judgment and granted the cross motion of the defendant Greater New York Savings Bank for summary judgment dismissing the complaint insofar as it is asserted against it.

Ordered that the order is modified, on the law, by deleting the provision thereof which granted the motion of the defendant Greater New York Savings Bank for summary judgment and substituting therefor a provision denying the cross motion; as so modified, the order is affirmed, with costs to the plaintiffs.

On October 29, 1990, the day 80-year old Charles Buckley died, and on the two following days, Eugenia Walsh, representing herself as Buckley's niece, delivered to the Greater New York Savings Bank (hereinafter the Bank) a letter of instruction, withdrawal slips, signature cards, and a power of attorney form, all signed by Buckley, authorizing her to name herself as beneficiary on Buckley's various accounts. The documents were variously dated October 29, 1990, October 30, 1990, and October 31, 1990. The Bank checked Buckley's signature, and, without making any further inquiry or notifying Buckley's previous beneficiaries, transferred Buckley's funds (approximately $160,000) into three new accounts naming Walsh as benefi-

ciary. Although on November 2, 1990, the Bank learned that Buckley had expired four days earlier, it did not freeze Walsh's accounts, and by early December 1990 Walsh had emptied these accounts and disappeared. Buckley's original beneficiaries, his elderly sister and brother, sued the Bank, *inter alia*, for negligence, and moved for summary judgment. The court, however, granted the Bank's cross motion for summary judgment and dismissed the complaint, finding that the Bank had behaved properly, as a matter of law, in obeying the instructions issued by its depositor over his verified signature before it was aware that he had died.

Both at common law and under UCC 4-103, when a bank is sued for negligent release of a depositor's money, it must show by a preponderance of the evidence that, under the circumstances, it exercised due care and diligence, otherwise denominated ordinary or reasonable care, in protecting its customer's funds *(Novak v Greater N. Y. Sav. Bank,* 30 NY2d 136). We find that on this record there are questions of fact as to whether or not the Bank behaved reasonably in transferring its depositor's accounts and ultimately permitting the funds to be withdrawn *(see, Renzi v Aleszczyk,* 44 AD2d 648; *Novak v Greater N. Y. Sav. Bank, supra; Noah v Bowery Sav. Bank,* 225 NY 284; *Gearns v Bowery Sav. Bank,* 135 NY 557; *Hankowska v Buffalo Sav. Bank,* 155 App Div 694). Thompson, J. P., Altman, Friedmann and Goldstein, JJ., concur.