■ ROYAL ARCANUM HOSPITAL ASSOCIATION OF KINGS COUNTY, INC., Appellant, v WILLIAM HERRNKIND, Defendant, and CAPITAL ONE BANK, Respondent. [978 NYS2d 355]—

The plaintiff is a not-for-profit corporation. By resolution passed at a 1989 meeting, the plaintiff's Board of Trustees established a requirement that all corporate checks were to be signed by two officers of the corporation. The officers authorized to sign checks were Frank J. Vassallo, Joseph A. Rugilio, and the individual defendant, William Herrnkind. Also in 1989, the plaintiff opened a bank account with a predecessor of the defendant Capital One Bank (hereinafter the Bank). Vassallo, Rugilio, and Herrnkind were named on the signature card as signatories on the account. The signature card did not set forth a two-signature requirement. Vassallo died in 1996, and Rugilio died in 2003. In 2003, the account was closed and a new account opened, also with the Bank's predecessor, with only Herrnkind's name appearing on the signature card. The new signature card expressly indicated that only one signature was required to draw checks or make withdrawals against the account. The monthly statements for the account were sent to the plaintiff, care of Herrnkind. Between January 2004 and December 2005, a series of withdrawals reduced the funds in the account from $186,656.74 to $176,651.70. Thereafter, the account was closed and several accounts were opened and closed in succession us-

ing the same funds. In each instance, Herrnkind's signature was the only signature appearing on the signature card, and the account statements were sent to the plaintiff, care of Herrnkind. The signature card of the most recent of these accounts, bearing only Herrnkind's signature, expressly stated that only one signature was required to draw checks or make withdrawals against the account. Between November 2006 and August 2007, a series of ATM withdrawals depleted the account balance entirely, and ultimately the account carried a negative balance due to service charges.

The plaintiff commenced this action against the Bank and Herrnkind, inter alia, to recover damages for the payment of unauthorized withdrawals. Herrnkind has not appeared in this action. The Bank interposed an answer, and subsequently moved for summary judgment dismissing the complaint insofar as asserted against it. Among its arguments in support of its motion, the Bank claimed that the plaintiff conferred both actual and apparent authority on Herrnkind to act on its behalf. The Bank further claimed that the plaintiff failed to meet its obligation to monitor its accounts and the activities of its agent. The Bank also asserted that neither it nor its predecessors received any instructions in connection with the accounts specifying a two-signature requirement. The plaintiff opposed the motion. The Supreme Court granted the motion, and the plaintiff appeals.

"A bank and its depositor have the contractual relationship of debtor and creditor, with an implicit understanding that the bank will pay out a customer's funds only in accordance with its instructions" (*Hartford Acc. & Indem. Co. v American Express Co.*, 74 NY2d 153, 164 [1989]). Contrary to the plaintiff's contention, in support of its motion, the Bank established, prima facie, that its predecessor did not agree to a two-signature requirement when the plaintiff opened the initial account in 1989, or when it opened the subsequent accounts, and therefore that the Bank's predecessor did not breach any such requirement in allowing the withdrawals to be made in the absence of the approval of two officers. Moreover, as the Supreme Court correctly concluded, insofar as the Bank's transactions with the plaintiff were concerned, the plaintiff conferred, at the least, apparent authority on Herrnkind to act on its behalf (*see generally Hallock v State of New York*, 64 NY2d 224, 231 [1984]). The Bank established, prima facie, that it exercised due care and diligence under the circumstances, and that the circumstances surrounding the subject transactions were not such as would "arouse the suspicion of its employees" (*Novak v Greater N.Y. Sav. Bank*, 30 NY2d 136, 142 [1972]; *see Holland v Greater N.Y.*

*Sav. Bank*, 222 AD2d 654, 655 [1995]; *Renzi v Aleszczyk*, 44 AD2d 648, 649 [1974]). In opposition to the Bank's prima facie showing of its entitlement to judgment as a matter of law, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

The plaintiff's remaining contentions either are without merit or need not be reached in light of our determination.

Accordingly, the Supreme Court properly granted the Bank's motion for summary judgment dismissing the complaint insofar as asserted against it. Dickerson, J.P., Chambers, Roman and Miller, JJ., concur.