### BERMEL v. HARNISCHFEGER.

(Supreme Court, Appellate Division, Second Department. October 14, 1904.)

1. ACTION—ORAL PLEADING—CONSTRUCTION—TORT.

Where plaintiff, under oral pleadings, complained of the defendant "for damages of property," and in the bill of particulars plaintiff made claim for damages in a certain sum on account of the destruction and withholding of a set of plans, drawings, etc., the action was in tort.

2. ELECTION OF REMEDIES—RECOVERY IN ASSUMPSIT—ACTION IN TORT.

Though a party having a cause of action ex delicto may waive the tort and sue in assumpsit, yet where he elects to sue in tort, he cannot recover in assumpsit.

Appeal from Municipal Court, Borough of Queens, Second District.

Action by Joseph Bermel against Wilhelmine Harnischfeger. Judgment for plaintiff, and defendant appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

John E. Roeser, for appellant.
George L. Glaser, for respondent.

WOODWARD, J. The pleadings were oral, but the return recites that the plaintiff "complained of the defendant for damages of property," and the bill of particulars reads: "The plaintiff makes claim for damages in the sum of $150, on account of the destruction and withholding of a set of plans, drawings, etc., representing a mausoleum," etc. This is clearly a statement of a cause of action in tort. When the action is ex delicto, the plaintiff may waive the tort and sue in assumpsit (Slade v. Montgomery, 53 App. Div. 343, 345, 65 N. Y. Supp. 709, citing Rothschild v. Mack, 115 N. Y. 1, 21 N. E. 726); but

the plaintiff who has elected to sue in tort cannot recover in assumpsit. "The principle still remains that the judgment to be rendered by any court must be secundum allegata et probata." Neudecker v. Kohlberg, 81 N. Y. 296, 301.

The plaintiff clearly elected to sue in tort, but the recovery was upon the ground of an implied contract. His counsel says: "The court, exercising its discretion, evidently considering a quantum meruit, allowed a total damage of ($100) one hundred dollars." Counsel for defendant pointed out the error in his motion to dismiss the complaint at the close of the plaintiff's case, and again at the close of the entire case, and duly excepted to the denial of his motion.

The judgment should be reversed.

Judgment of the Municipal Court reversed, and new trial ordered; costs to abide the event. All concur.