### A. D. KNEUPER SPECIALTY CO. v. KNEUPER et al.

(Supreme Court, Appellate Division, First Department.    February 18, 1916.)

1. PLEADING ⊚═127—ADMISSION BY FAILURE TO DENY.

Denials of any knowledge or information sufficient to form a belief, or negatives pregnant, in that they are mere denials of the facts as alleged, are not positive or sufficient denials, and the statements in the complaint which they purported to deny therefore stand admitted.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 264–268; Dec. Dig. ⊚═127.]

2. PLEADING ⊚═121—DEFECTS IN ANSWER—INSUFFICIENT DENIAL.

A statement denying that the defendant had any "information" sufficient to form a belief with respect thereto was not a positive or sufficient denial of the allegation in the complaint.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 245–248; Dec. Dig. ⊚═121.]

3. PLEADING ⊚═349—JUDGMENT ON PLEADINGS—PART OF CAUSE OF ACTION.

Where plaintiff demanded judgment on four causes of action, one of which stood admitted but with regard to the others the pleadings were in a confused state, it would have been entitled to judgment on the pleadings as to the cause of action admitted, if it had withdrawn or waived the other causes of action.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1067–1069; Dec. Dig. ⊚═349.]

4. ACTION ⊚═28—WAIVER OF TORT.

Where the plaintiff merely demanded an accounting with respect to money claimed to have been wrongfully collected, he was deemed to have waived the tort, if any, and to have been proceeding against the defendants on the contract implied by law.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 196–215; Dec. Dig. ⊚═28.]

5. SET-OFF AND COUNTERCLAIM ⊚═44—CLAIMS OF CODEFENDANTS—ASSERTION AGAINST JOINT AND SEVERAL LIABILITY.

Where one defendant, as treasurer of the plaintiff corporation, made an assignment of the plaintiff's accounts to the other defendant, and the corporation sought an accounting, the defendants' liability for moneys collected under the assignment was joint and several; and since judgment might be recovered against either, either could plead a counterclaim, which would inure to the benefit of both against any recovery by the plaintiff, and in favor of the defendant pleading it for an affirmative recovery for any surplus.

[Ed. Note.—For other cases, see Set-Off and Counterclaim, Cent. Dig. §§ 82–96, 98, 99; Dec. Dig. ⊚═44.]

6. PLEADING ⊚═411—COUNTERCLAIM—DEFECTS—WAIVER.

Though Code Civ. Proc. § 507, requiring that the particular cause of action to which a counterclaim is pleaded should be specified, was not strictly followed, where plaintiff did not complain, and had included three

---

or four alleged causes of action in a single count, one of which was seeking recovery of plaintiff's books, was admitted by defendants, the court will treat the counterclaim as directed to the other counts seeking recovery of a money judgment, and which causes of action were opposed by defendant.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1384, 1385; Dec. Dig. ⊙══411.]

Appeal from Special Term, New York County.

Action by the A. D. Kneuper Specialty Company against Alexander D. Kneuper and another. From an order denying its motion for judgment on the pleadings, plaintiff appeals. Affirmed.

Argued before CLARKE, P. J., and McLAUGHLIN, LAUGHLIN, SCOTT, and PAGE, JJ.

A. P. Bachman, of New York City, for appellant.

Thomas Downs, of New York City, for respondents.

LAUGHLIN, J. The pleadings upon which the motion for judgment was made consist of a complaint, a joint answer of the defendants thereto, containing facts alleged by the defendant George Kneuper "for a further defense and by way of a counterclaim," and a demurrer to said defense and counterclaim on the ground that, if pleaded as a defense, it is insufficient in law, and, if pleaded as a counterclaim, it is not of a character specified in section 501 of the Code of Civil Procedure.

The plaintiff alleges that it is a corporation organized under the laws of New Jersey; that defendant Alexander D. Kneuper was its treasurer until the 25th day of June, 1915, when the board of directors, at a meeting at which he was present and in which he participated, duly adopted a resolution ousting him from the office; that he removed the books from the plaintiff's office without its consent, and that both defendants are now in possession thereof, and have refused on demand to restore the same to plaintiff; that both defendants have given notice to debtors of the plaintiff that it has discontinued business and that the indebtedness was payable to defendant George Kneuper, with whom the other defendant was associated; that defendants have persisted in collecting the accounts belonging to plaintiff, notwithstanding the fact that they have been notified that they had no right so to do, and that they base their claim of right so to do on an assignment of accounts alleged to have been made in the name of the plaintiff by defendant Alexander. D. Kneuper, as treasurer, to the other defendant, which it is alleged was not authorized, and was made in violation of the by-laws of the plaintiff, the substance of which is pleaded; that defendants have received payment on account of other accounts to which, by virtue of an agreement between the defendants, the Kneuper Filter Company, and the plaintiff, plaintiff became entitled, and have converted the moneys received to their own use; that the filters and filtering material which plaintiff used, and which constituted its only business, were manufactured solely by defendant George Kneuper, who has, in violation of an agreement to furnish the same to the plaintiff, which is not otherwise pleaded, refused to deliver either filters or filtering material to the plaintiff, with the result

that its business has been "wholly ruined"; and that by reason of the premises it is unable to collect its accounts "and has suffered loss of reputation and credit by reason of the notices sent to their customers aforesaid." The plaintiff demands judgment (1) for possession of its books; (2) for an accounting of the moneys collected by defendants on accounts owing to plaintiff, or on accounts to the proceeds of which plaintiff was entitled; (3) for an injunction pendente lite; and (4) that the court retain jurisdiction and by aid of a jury assess the damages sustained by the plaintiff in the loss of business, credit, and reputation, and for costs.

[1] The answer contains no denial of any material allegation of the complaint with respect to the removal of the books of the plaintiff, or the possession thereof by the defendants, and their failure to deliver the same to the plaintiff. It purports to contain denials with respect thereto, but they are either insufficient, in that they are neither positive denials, nor denials upon or of any knowledge or information sufficient to form a belief, or negatives pregnant, in that they are mere denials of the facts as alleged. The complaint, therefore, for the recovery of the books, stands admitted.

The allegations that both defendants have given notice to the debtors of the plaintiff that it has discontinued business, and that the indebtedness was payable to the defendant George Kneuper, with whom the other defendant was associated, are denied; but George Kneuper admits that he wrote the debtors of the plaintiff that he was authorized to collect the accounts. The defendant Alexander D. Kneuper denies that he claimed authority to collect the accounts, or that he has collected or received any money thereon. The defendant George Kneuper admits that, notwithstanding the receipt of a notice to discontinue the collection of the accounts, he asserted that he had a right so to do by virtue of a written assignment thereof which is not set forth; and he attempted to deny the allegations with respect to the requirements of the by-laws, but failed, for he merely denied that he had any *information* sufficient to form a belief with respect thereto. Both defendants deny the allegations of the complaint with respect to an agreement between them and the Kneuper Filter Company and the plaintiff. The defendant George Kneuper admits that he has received payment of some of the accounts owing to plaintiff, and has refused to turn moneys so received over to plaintiff; but both defendants deny that they have converted to their own use any moneys belonging to the plaintiff. Both defendants deny the allegations of the complaint to the effect that the filters and filtering material, which plaintiff used and which constituted its own business, were manufactured solely by the defendant George Kneuper, or that he has, in violation of an agreement to furnish the same to the plaintiff, refused to deliver either the filters or filtering material to the plaintiff, or that plaintiff thereby has been unable to fill any of its orders, or that its business has been ruined.

[2] The allegations that plaintiff is unable to collect its accounts by reason of the acts of the defendants, and has suffered loss of reputation and credit by reason of the notices sent to its customers, stand

admitted, for, while both defendants attempted to deny them, they merely denied any *information* sufficient to form a belief with respect thereto.

In that part of the answer purporting to contain a defense and counterclaim in behalf of the defendant George Kneuper, it is alleged that at the special instance and request of the plaintiff he manufactured and delivered to it filters and filtering material of the reasonable value and agreed price of $1,367.60; that plaintiff with his consent received certain goods from Beebe, for whom he had manufactured them, and delivered the same to its customers, and collected therefor, and agreed to pay said George Kneuper therefor the sum of $550, which it has failed to do; that in the month of February, 1915, the plaintiff orally agreed to pay him for the use of his factory in the manufacture of filters and filtering material at the rate of $816 per month from the 1st day of May, 1915, and thereupon took possession and exercised certain control under the terms of said oral agreement, and used the factory and appliances between May 1 and May 22, 1915, which use and occupation was of the reasonable value and agreed price of $594; and that payment of said three several sums has been demanded, and that no part thereof has been paid, excepting $790.33, which he claims to have collected and applied by authority of the plaintiff. Judgment is demanded in favor of *both* defendants for the dismissal of the complaint, and in favor of the defendant George Kneuper for the sum of $2,322.07 on his counterclaim.

[3, 4] In this confused state of the pleadings the plaintiff was not entitled to judgment thereon. If it had withdrawn or waived its other causes of action, it would have been entitled to judgment for the possession of the books; but that it did not do. It moved for the judgment for which it prays in the complaint, which is for the possession of the books, and for an accounting by *both* defendants of the moneys collected by either, although the defendant Alexander D. Kneuper denies that he has received any moneys on accounts owing to the plaintiff, or to which the plaintiff is entitled, or that he has participated in the collection thereof by the other defendant, and also for the assessment by a jury against both defendants of the damages sustained by plaintiff in the loss of business, credit, and reputation, owing to their acts in notifying plaintiff's debtors that it had discontinued business, and to the failure of the defendant George Kneuper to furnish to the plaintiff filters and filtering material in accordance with his agreement, all of which acts are denied by one defendant, and some of them are denied by the other. Moreover, although there are allegations tending to show that the collections by the defendants of moneys belonging to the plaintiff were wrongful, since the plaintiff merely demands an accounting with respect thereto, it must be deemed to have waived the tort, if any, and to be proceeding against the defendants on the contract implied by law. Coit v. Stewart, 50 N. Y. 17; Rothschild v. Mack, 115 N. Y. 1, 21 N. E. 726; Davis v. Aiken, 85 Hun, 554, 33 N. Y. Supp. 103; Segelken v. Meyer, 94 N. Y. 474; Fera v. Wickham, 135 N. Y. 223, 31 N. E. 1028, 17 L. R. A. 456; Stevens v. Devins, 158 App. Div. 616, 143 N. Y. Supp. 916.

[5] The plaintiff alleges facts tending to show that the defendants are *jointly* liable for such moneys; but their liability is not on a joint obligation, which would preclude a counterclaim, unless in favor of both (Hunter v. Booth, 84 App. Div. 585, 82 N. Y. Supp. 1000; Spofford v. Rowan, 124 N. Y. 108, 26 N. E. 350; Pinckney v. Keyler, 4 E. D. Smith, 469), and is several as well as joint, and since a judgment might be recovered against either, either was at liberty to plead a counterclaim, which, however, inures to the benefit of both as an offset to defeat or diminish any recovery by the plaintiff, and in favor of the particular defendant pleading it for an affirmative recovery for any surplus (American Guild v. Damon, 186 N. Y. 360, 78 N. E. 1081).

[6] In pleading this counterclaim, however, the provisions of section 507 of the Code of Civil Procedure were not strictly followed, for they require that the particular cause of action to which the counterclaim is pleaded should be specified; but of this the plaintiff *does not* and could not well complain, for it has jumbled together three or four alleged causes of action in a single count. It is manifest that the counterclaim is not pleaded to diminish or defeat the plaintiff's cause of action for the recovery of the books, and therefore it is fairly to be inferred that it is pleaded to diminish or defeat the recovery of a money judgment, and that is the theory upon which the appeal has been argued. The counterclaim is good, at least, as against any liability for an accounting, and that is the only cause of action well pleaded, other than that for the recovery of the books.

It follows that the order should be affirmed, with $10 costs and disbursements. Order filed. All concur.