SARAH GLICKMAN, Appellant, v. EDDY GLICKMAN, Respondent.

Second Department, December 10, 1920.

Husband and wife — separation — default of husband in paying
alimony — validity of agreement by wife to take less than amount
due and not to prosecute for contempt in future for failure to pay
alimony — necessity that agreement be set aside before prosecut-
ing for contempt.

A stipulation entered into between a wife and her husband who was in jail
under contempt proceedings for failure to pay alimony decreed against
him in a judgment of separation, whereby she agreed to take less than the
amount due and to reduce the weekly payments, and not to prosecute
proceedings in the future to punish him for contempt on his default, is
void for want of consideration.

Said stipulation is void also, as it offends against section 51 of the Domestic
Relations Law, providing in effect, that a wife cannot contract with her
husband to relieve him from liability for her support, since the stipulation
contracted away the only effective method whereby the wife could secure
moneys for her support.

Said stipulation is void also as against public policy which demands that a
wife shall not be permitted improvidently to relieve the husband of his
duty of support.

Since the invalidity of the stipulation appeared on its face it was not neces-
sary to invoke the power of a court of equity to set it aside before pro-
ceedings to punish the husband for contempt were instituted.

APPEAL by the plaintiff, Sarah Glickman, from an order of
the Supreme Court, made at the Kings County Special Term

and entered in the office of the clerk of the county of Kings on the 12th day of November, 1919, denying her motion to punish the defendant for his failure to pay alimony due her, and to adjudge defendant guilty of contempt.

*Rosalie F. Janoer* [*Julia V. Grilli* with her on the brief], for the appellant.

*Aaron William Levy,* for the respondent.

RICH, J.:

The decree of the court granting separate support and maintenance directed the defendant to pay to the plaintiff $30 each week commencing January 13, 1915. May 10, 1917, there was due and owing to plaintiff on account of such alimony the sum of $1,455. This amount was finally adjusted by defendant, but not until he had obtained plaintiff's consent to reduce the weekly allowance to $15. He did not pay the reduced amount, and in May, 1918, being in arrears $600, was adjudged in contempt of court and committed to the Kings county jail.

It appears that plaintiff entered into a stipulation consenting to defendant's discharge from custody upon his paying $300 on account of said alimony, and his promise to pay $200 additional in installments. The stipulation reduced the amount of future alimony to $10 per week, and it was also " Further stipulated and agreed that the plaintiff, Sarah Glickman, hereby waives any and all such rights or right as she may or might have to institute any proceedings at any time in the future adjudging the defendant, Eddy Glickman, as guilty of contempt of court in this proceeding, and to have him committed therefor for the non-payment of any alimony or any part thereof in this proceeding, whether the same be for alimony accrued or to accrue and become due in the future in this action, it being the intention of the plaintiff to waive her rights, if any, to any contempt proceeding or contempt against the defendant for the non-payment of the alimony aforesaid under the decree in this action." Defendant since the execution of this paper has refused and neglected to pay any part of the $10 weekly allowance, and he was brought before the court at Special Term to show cause why he should

not be punished for his disobedience of the order, but has escaped punishment, and, in consequence, the payment of the sum of money due to his wife, on the ground that she " has stipulated away her right to punish defendant as for a contempt of court in failing to pay alimony."

At the time the stipulation was made the indebtedness of defendant to the plaintiff was $600, and she was entitled to a weekly allowance of $30. She agreed to accept $500 and a weekly payment of $10 in full for the amount due, and it is claimed that this promise is sufficient consideration for the discharge of the original indebtedness and for the promise to refrain from instituting contempt proceedings.

I cannot agree with this contention. The stipulation was void for want of consideration. It has never been held, so far as I am aware, that the payment of a part of a debt has been a consideration for the release of the remainder, and there are many cases holding that the performance of an act which the party is under legal obligation to perform cannot constitute consideration for a new contract. (*Vanderbilt* v. *Schreyer*, 91 N. Y. 392, 401; *Robinson* v. *Jewett*, 116 id. 40; *Jaffray* v. *Davis*, 124 id. 164.) This stipulation is void for the further reason that it offends against the statute, section 51 of the Domestic Relations Law, which provides that married women can contract with their husbands, except that a husband and wife " can not contract to alter or dissolve the marriage or to relieve the husband from his liability to support his wife." In the instant case it is clear that the wife contracted away the only effective method whereby she could secure moneys for her support.

The case of *Van Ness* v. *Ransom* (164 App. Div. 483) is distinguishable in that in that case the parties were divorced and that there is nothing contained in the stipulation which tends to indicate that the wife intended to release the defendant from liability for alimony under the decree of divorce.

A husband is bound by law as well as good morals to support his wife, and public policy demands that she should not be permitted to improvidently relieve him of his duty, which is not only owing to his wife but to the people at large. The stipulation is also void as being against public policy.

It is urged that the plaintiff should be relegated to a court

of equity.  Of course, a court of equity would have power to set the stipulation aside, but when, as here, its invalidity appears upon its face, the court should not be influenced by it.

The order must be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

MILLS and KELLY, JJ., concur; PUTNAM, J., concurs solely upon the ground that the stipulation herein lacks the essential of consideration.  Payment of part of a debt then overdue is not sufficient consideration for release of a remedy to enforce the remainder (*Jaffray* v. *Davis*, 124 N. Y. 164), with whom JENKS, P. J., concurs.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.