NICHOLAS MELNICK, Respondent, *v.* JOHN KUKLA, Appellant.

Fourth Department, January 15, 1930.

*Ladislaus Potocki*, for the appellant.

*David E. Powers*, for the respondent.

EDGCOMB, J.   The City Court of Utica has rendered a judgment against the defendant, upon a complaint which charges him with unlawfully taking and converting to his use $250 of plaintiff's money.   The County Court of Oneida county has affirmed the judgment.   Defendant, still feeling aggrieved, has appealed to this court.

Lottie M. Melnick, plaintiff's wife, held the record title to certain real property known as the " White Lake Inn."   In April, 1928, she and her husband entered into a written contract to sell this property to George A. Armstrong.   Both Mr. and Mrs. Melnick agreed to execute, acknowledge and deliver, at their own cost and expense, a proper deed, conveying said property to Mr. Armstrong in fee simple.   Plaintiff was in possession of the hotel at the time. He and his wife were not living together.   Defendant, a real estate broker, had negotiated the sale, and was entitled to a commission, which he claimed amounted to $1,500.   When it came time to close the deal, the parties met in the office of Mr. Fuess, the attorney for Mr. Armstrong.   Plaintiff refused to sign the deed unless he was paid $500.   Mr. Armstrong insisted that the plaintiff should live up to his agreement, and that he should sign the conveyance along with his wife.   Plaintiff's demand for money being unheeded, the meeting broke up, and plaintiff and defendant went to the office of Mr. Arthur, an attorney in the city of Utica.   In an endeavor to adjust the matters of difference between the parties

interested in the sale, Mr. Arthur had a conversation with both Mr. Melnick and Mr. Kukla in which he told them that Mrs. Melnick, through her attorney, had agreed to pay $750 commissions, and that she would pay no more; that the only way in which the deal could go through was for Mr. Melnick to sign the deed, and that the $750 commission could then be divided between Melnick and Kukla in such proportion as they might deem proper. Plaintiff claims that he and defendant then and there agreed that out of this $750 he should be paid $250, and that Mr. Kukla should receive the balance. Melnick then signed the deed, and the deal went through. Subsequently, Mrs. Melnick gave defendant a check for $750 for his commissions. He kept the entire amount, and has refused to pay the plaintiff any part thereof. This action followed, plaintiff claiming that $250 of the $750 paid as commissions was actually his money, and that defendant converted the same to his own use.

We think that, on this state of facts, no action for conversion will lie. Assuming for the moment that the plaintiff has a valid claim against the defendant for $250, still the evidence falls far short of making out a cause of action in tort.

Conversion is " an unauthorized assumption and exercise of the right of ownership over goods or personal chattels belonging to another, to the alteration of their condition or the exclusion of the owner's rights." (Bouvier Law Dict. [Rawle's 3d Rev.] 669.) While money may be the subject of conversion, the same as any chattel, in order to entitle the plaintiff to recover in trover, it must appear that $250 of the identical money paid to defendant by Mrs. Melnick actually belonged to and was the property of the plaintiff, and that the defendant had converted this money to his own use.

In paying this $750 to Kukla, Mrs. Melnick was simply discharging a debt which she owed to him. She was not indebted to her husband in any amount. She knew nothing about this alleged agreement between plaintiff and defendant. A right to the actual possession of one-third of the identical money received by defendant never vested in the plaintiff. There was no actual or equitable assignment to respondent of any part of that money. Mrs. Melnick would not have been justified in paying $250 to her husband out of the $750 which she owed the defendant. At best the agreement between plaintiff and defendant was a promise on the part of the latter to pay to the former $250 out of the identical money which he should receive from Mrs. Melnick in payment of his commissions. This does not constitute an assignment to the plaintiff, either legal or equitable, of any part of this money, nor does it give to him any lien thereon. (*Thomas* v. *N. Y. &*

*G. L. R. Co.*, 139 N. Y. 163; *Holmes* v. *Bell*, 139 App. Div. 455, 462; affd., 200 N. Y. 586; *Donovan* v. *Middlebrook*, 95 App. Div. 365.)

Plaintiff has elected to sue in tort. Had he so desired, he could have waived the tort and sued on the contract. (*Rothschild* v. *Mack*, 115 N. Y. 1; *Kneuper Specialty Co.* v. *Kneuper*, 171 App. Div. 555, 560; *Slade* v. *Montgomery*, 53 id. 343, 345.) He did not choose so to do. He preferred to proceed upon the hypothesis that the defendant had unlawfully taken and converted to his own use certain money which was the actual property of the plaintiff — a theory which, if successfully maintained, would render the defendant liable to arrest and imprisonment. Respondent cannot now recover in assumpsit. (*Bermel* v. *Harnischfeger*, 97 App. Div. 402.) The character of the action must be determined by the pleadings. A judgment cannot be sustained on appeal upon some theory entirely different and distinct from that alleged in the complaint, and upon which the action was tried. (*Southwick* v. *First Nat. Bank of Memphis*, 84 N. Y. 420; *Neudecker* v. *Kohlberg*, 81 id. 296, 301.)

We think that the plaintiff cannot succeed for another reason. If the plaintiff has any claim against the defendant, it is because of the agreement made between the parties in Mr. Arthur's office, and which we have already detailed. That agreement was nothing more than a naked promise, and is not enforcible because it was not supported by a sufficient consideration. Plaintiff had bound himself by the contract of sale which he had signed to execute and deliver to the purchaser a deed to the premises to be sold. He was under a legal obligation to live up to his agreement. His refusal so to do was arbitrary and unwarranted.

A promise to do that which the promisor is already legally bound to do, or the performance of an existing legal obligation, does not constitute a valid consideration for an agreement. (*O'Meara Co.* v. *Nat. Park Bank*, 239 N. Y. 386, 399; *Arend* v. *Smith*, 151 id. 502; *Tolhurst* v. *Powers*, 133 id. 460; *Robinson* v. *Jewett*, 116 id. 40; *Vanderbilt* v. *Schreyer*, 91 id. 392; *Glickman* v. *Glickman*, 194 App. Div. 100; *Teele* v. *Mayer*, 173 id. 869; *Price* v. *Press Pub. Co.*, 117 id. 854; *Petze* v. *Leary*, Id. 829.)

For the reasons above stated, we have reached the conclusion that the judgment appealed from cannot be sustained, and should, therefore, be reversed and the complaint dismissed.

All concur. Present — SEARS, P. J., CROUCH, TAYLOR, EDGCOMB and THOMPSON, JJ.

Judgment reversed on the law and facts and complaint dismissed, with costs in all courts to the appellant.