MAXOL SYNDICATE, INC., Plaintiff, *v.* N. T. HEGEMAN CO., INC., and Another, Defendants.

Municipal Court of New York, Borough of Manhattan, Ninth District, October 21, 1930.

*Lind, Shlivek, Marks & Brin* [*Max Shlivek* of counsel], for the plaintiff.

*Julius J. Michael,* for the defendants.

LEWIS, J. The plaintiff is a closed corporation practically controlled by its president, Samuel Brooks. The defendant N. T. Hegeman Co., Inc., is also a closed corporation virtually controlled by its president, Max Germaine. The plaintiff owned a parcel of improved real estate upon which the corporate defendant held a demand mortgage given to it by the plaintiff. The plaintiff mortgagor was in default and the defendant mortgagee through its president, Max Germaine, secured possession of the premises.

Thereafter a lease of the mortgaged premises was made in the name of Max Germaine individually, as landlord, to a disinterested third party as tenant. Subsequently the defendant mortgagee

instituted foreclosure proceedings which duly went to judgment. Upon the sale and foreclosure, sufficient funds were procured to satisfy the mortgage (principal, interest and costs) in full, and leave a surplus which was deposited with the city chamberlain. No accounting was ever given either in the foreclosure or otherwise of any of the rents collected under the said lease from the tenant. The referee did make an apportionment of the rents for the current month during which the title was closed, and the referee's deed delivered.

After the closing of the title, by order of the Supreme Court, the said Max Germaine was directed to turn over the lease to the purchaser on the sale and foreclosure.

This action is now brought by the plaintiff against both Max Germaine and the corporate mortgagee for the alleged conversion of the rents received from the mortgaged premises.

The answer of the defendants interposed divers defenses including a challenge to the jurisdiction of the court, and the contention that a judgment here would not fully protect them.

The court is of the opinion that aside from the law, as a matter of mere equity the defendants should not be allowed at this late hour to secure refuge behind the theory that a judgment in this action might not protect them against possible claims by others.

The defendants received, and now retain moneys to which admittedly they have neither claim nor title. Just why these funds were not disposed of in the foreclosure proceedings or properly accounted for, is not apparent. The defendant should have done so then, and there would not be this litigation now.

Were the only question presented one of the jurisdiction of this court, I could see no bar to entertaining the action. The mortgagee has received full satisfaction; the mortgage has been completely discharged; it no longer exists either in fact or law. So far as the question of jurisdiction is concerned, the relationship of mortgagor and mortgagee can be deemed ended with the cancellation of the mortgage, to the same extent as a partnership relationship can be deemed ended by this court with the dissolution of the partnership in the case of a dissolved partnership, notwithstanding the survival of claims between the parties.

The amounts collected by the defendants are not seriously disputed; the credits for sums expended by them are not many or complicated, and there is no necessity for an action for an accounting.

I do not think one must be remitted to equity for remedy or relief in such a case. This court is not powerless. The weakness of the plaintiff's case is found not in the lack of jurisdiction of this court but in the nature of the remedy and relief sought herein by it.

The plaintiff has a cause of action; it is not for conversion, but in assumpsit.

" The action is substantially *for money had and received,* and it is impossible to perceive why that was not a proper action. (*Cope* v. *Wheeler,* 41 N. Y. 303.) The precise relief to which the plaintiff was entitled was the balance of the money due her, and she was entitled to no other relief and needed no other. *That balance was easily* ascertainable, and the peculiar machinery of an equity court was not needed to ascertain it." (Italics mine.) (*King* v. *Van Vleck,* 109 N. Y. 363, at p. 367.)

" The form of the action was also proper. Where money has been received, which in equity belongs to another, an action *for money had and* received will lie for its recovery; and now, under the Code, any defense, legal or equitable, may be interposed by the defendant." (Italics mine.) (*Cope* v. *Wheeler,* 41 N. Y. 303, at p. 308.)

" Whether the action were debt or assumpsit, the plaintiff's case depended upon the question to which party, plaintiff or defendant, does the money *ex æquo et bono* belong? If to the plaintiff, it was because the facts created an indebtedness to him from defendant. In this respect the action has been frequently stated to be an ' equitable one,' that is one depending upon general principles of equity for the maintenance of the plaintiff's claim to the money. * * * It is the most favorable way in which a defendant can be sued; he can be liable no further than the money he has received and against that he may go into every equitable defense upon the general issue; he may claim every equitable allowance, etc., in short he may defend himself by evidence which shows that the plaintiff *ex æquo et bono* is not entitled to the whole of his demand or any part of it." (*Presser* v. *Central Trust & Savings Co.,* 189 App. Div. 721, at p. 731.)

" Where moneys are collected by a mortgagee in possession, the law does not apply the rents and profits received by the mortgagee to the payment of the mortgage. (*Reich* v. *Cochrane,* 213 N. Y. 416.)

In such instances a mortgagor can sue in assumpsit to compel the mortgagee to pay over such rents. (See *Maurer* v. *Grimm,* 84 App. Div. 575.)

The difficulty in the instant case arises out of the fact that the plaintiff's action sounds in conversion. Hence he cannot be permitted not to recover in assumpsit.

" Plaintiff has elected to sue in tort. Had he so desired, he could have waived the tort and sued on the contract. (*Rothschild* v. *Mack,* 115 N. Y. 1; *Kneuper Specialty Co.* v. *Kneuper,* 171

App. Div. 555, 560; *Slade* v. *Montgomery*, 53 id. 343, 345.) He did not choose so to do. He preferred to proceed upon the hypothesis that the defendant had unlawfully taken and converted to his own use certain money which was the actual property of the plaintiff — a theory which, if successfully maintained, would render the defendant liable to arrest and imprisonment. Respondent cannot now recover in assumpsit. (*Bermel* v. *Harnischfeger*, 97 App. Div. 402.) The character of the action must be determined by the pleadings. A judgment cannot be sustained on appeal upon some theory entirely different and distinct from that alleged in the complaint, and upon which the action was tried. (*Southwick* v. *First Nat. Bank of Memphis*, 84 N. Y. 420; *Neudecker* v. *Kohlberg*, 81 id. 296, 301.) '' (*Melnick* v. *Kukla*, 228 App. Div. 321, at p. 324.)

Complaint dismissed. Ten days' stay.