DAVID KERSHNER, Appellant, Respondent, *v.* LILLIAN KERSHNER, Respondent, Appellant.

First Department, March 15, 1935.

*Harold R. Medina* of counsel [*Louis H. Supnick* with him on the brief; *Myron Wisoff*, attorney], for the plaintiff.

*Philip F. Rosenberg* of counsel [*Milton Olshan* with him on the brief; *Paul Seiderman*, attorney], for the defendant.

MARTIN, P. J.   The plaintiff seeks to annul a marriage contracted between the parties more than ten years prior to the commencement of this action.   The alleged basis for said annulment is that

the marriage was induced by false and fraudulent representations on the part of the defendant.

It is alleged that prior to the marriage the plaintiff was engaged in the study of medicine with the intention of preparing himself to follow the profession of surgeon, involving a number of years training and study after being licensed to practice as a physician, and that the defendant had full knowledge of that intention and knew that during such period of preparation the plaintiff would have no income or earnings. To induce the plaintiff to consent to the marriage, defendant represented that she was a person of independent means and able to support herself and that, if plaintiff married her, she would not demand of plaintiff any support or maintenance for a number of years following the marriage and would not require the plaintiff to engage in any income-producing employment until after plaintiff qualified as a skilled and fully competent surgeon, and would not demand of plaintiff that he establish a home but would continue to reside with her parents; further promising that in the interim she would cohabit with the plaintiff and perform her marital duties in the same manner as if he had established a home and provided for her support and maintenance. Shortly after the performance of the marriage defendant demanded that plaintiff abandon his plans to qualify as a surgeon, and demanded that he practice as a physician in order to earn an income to establish a home, defendant in the meantime refusing to consummate the marriage by sexual cohabitation with the plaintiff. It is further alleged that defendant took available steps to, and did, compel the plaintiff to abandon certain courses of training. It is asserted that the defendant had no intention at any time of fulfilling her aforesaid promises, but, on the contrary, intended at all times to endeavor to compel the plaintiff to give up his surgical training and to devote his efforts to providing a home for the defendant. The complaint finally alleges that the falsity of the aforesaid representations was but recently discovered and could not have been discovered sooner, due to the defendant's concealment of her state of mind.

To said complaint defendant interposed an answer in which the alleged false representations are denied. In the answer is set forth a first separate defense alleging that in an action between the parties hereto a final judgment was entered on the 29th day of December, 1925, wherein it was adjudicated that the marriage between the parties performed on June 23, 1923, was a valid and subsisting marriage, which judgment it is claimed is *res adjudicata* of the present action. As a second defense it is alleged that the facts upon which the action is predicated were known to the plain-

tiff on or about the 1st day of August, 1925, and, since the action was not commenced until on or about the 30th day of September, 1933, the action is barred by the six-year Statute of Limitations.

The defendant then moved for judgment dismissing the complaint as insufficient and also moved for summary judgment dismissing the complaint, pursuant to rule 113 of the Rules of Civil Practice, upon affidavits going to the merits of the action and the defenses. The court at Special Term made an order dismissing the complaint without leave to plead over. This appeal is taken from that order.

The order was properly granted, since the promise upon which the plaintiff relies is invalid because contrary to public policy and one which will not receive the sanction of the courts. Conditional marriages are not tolerated in this State. This action is only another instance of the extent to which these annulment actions have gone.

The contract of marriage is not alone a personal contract between the parties. It creates a status which is a matter of public interest and incidental to which arise certain quasi public duties and obligations which may not be altered or abrogated by any agreement of the parties. Among these is the obligation of the husband to maintain and support his wife. Not only is it against the settled public policy of the State to permit such obligation to be abrogated or suspended by agreement of the parties, but it is expressly prohibited by section 51 of the Domestic Relations Law, which provides in part as follows: " but a husband and wife can not contract to alter or dissolve the marriage or to relieve the husband from his liability to support his wife."

In *Glickman* v. *Glickman* (194 App. Div. 100) it is said: " A husband is bound by law as well as good morals to support his wife, and public policy demands that she should not be permitted to improvidently relieve him of his duty, which is not only owing to his wife but to the people at large."

The reason for the rule of public policy is well set forth in *Attridge* v. *Pembroke* (235 App. Div. 101), where the court said: " The refusal of the courts to enforce contracts which are against public policy is not based upon any desire to relieve a party from the obligation which he has assumed, but rather upon the theory that such an agreement is injurious to the interests of society in general, and that the only way to stop the making of such contracts is to refuse to enforce them, and to leave the parties without a remedy for a breach thereof."

In the case at bar the representation that the defendant was of sufficient financial means to support herself is incidental merely

to the promise upon her part that she would support herself and thus relieve her husband of his obligation to do so.

The case of *Mirizio* v. *Mirizio* (242 N. Y. 74), relied upon by the plaintiff, sustains the defendant. In that case it was held that the refusal of husband or wife, without any adequate excuse, to have ordinary marriage relations with the other party to the contract, strikes at the basic obligations springing from the marriage contract, and, therefore, a wife who lives apart from her husband, because she is unwilling to live with him in the ordinary relationship of husband and wife, cannot maintain an action against him for abandonment and to compel his support of her.

In the case at bar an adequate excuse for defendant's refusal to cohabit is presented by the failure of the plaintiff to perform his marital obligations of providing a home and maintenance for the defendant, and such failure and refusal on his part, within the authority of the *Mirizio* case, is a bar to the maintenance by him of this action.

It follows that the complaint fails to state a cause of action and was properly dismissed.

In so far as the defendant appeals from the denial of her motion for summary judgment dismissing the complaint, this appeal becomes unnecessary in view of the dismissal of the complaint without leave to plead over, thus in effect granting said motion and dismissing the complaint upon the merits.

It follows that the judgment and order appealed from should be affirmed, with costs to the defendant.

MERRELL, TOWNLEY, GLENNON and UNTERMYER, JJ., concur.

Judgment and order affirmed, with costs to the defendant.