MIRIAM B. YANOFF, Plaintiff, *v.* WILLIAM YANOFF, Defendant.

Supreme Court, Special Term, New York County, July 9, 1952.

*Schwartz & Frohlich* and *Ferdinand Pecora* for plaintiff.

*Phillips, Nizer, Benjamin & Krim* for defendant.

BREITEL, J. Plaintiff wife suing her husband in an action for reimbursement for moneys expended on behalf of the marital household moves to strike out the third, fourth and fifth separate and partial defenses under rule 109 of the Rules of Civil Practice and to strike out paragraph 32 of the fourth defense under rule 103 of the Rules of Civil Practice. The parties, of mature years, married in 1945. The parties separated physically in July, 1950. The complaint alleges that the defendant has an annual income in excess of $35,000 but that nevertheless he required plaintiff to maintain the household at the rate first of $30 weekly and later of $45 weekly, which were grossly inadequate, and that the plaintiff was compelled as a consequence to use her own funds for her personal expenses and for the maintenance of the marital home. Demand is made for $45,449.27 alleged to have been expended by the wife for necessitous personal expenses and expenses of the marital household. In addition to denials, the answer sets up the first and second separate and partial defenses, in effect charging abandonment by the plaintiff, which defenses are not subject to attack upon this motion.

The third defense alleges that from December, 1946, and the beginning of 1947 plaintiff has refused to have sexual intercourse with the defendant without legal excuse, despite defendant's request therefor and his willingness. The sufficiency of this defense is attacked.

The question, uncomplicated by other considerations, as to whether the mere refusal to have sexual intercourse with one's spouse is such misconduct as to excuse performance of the

conjugal obligations on the part of the other spouse, has been passed upon in only one case that the court could find. That is the case of *Risk* v. *Risk* (202 App. Div. 299, appeal dismissed, without opinion, 236 N. Y. 661). That case, decided in 1922, made reference to authorities in the other States. It commented that the question had never been decided authoritatively in this State. The court said (p. 304): '' The great weight of authority supports the rule that the refusal of marital intercourse is neither a grounds for annulment of the marriage, divorce or separation, nor a justification for abandonment or other marital misconduct by the other party.'' It held on the facts before it, by a divided court, that a defense in an action for separation based solely on the willful refusal to have intercourse was insufficient. It held that the defense would not be sufficient unless it constituted such cruel or inhuman treatment, or abandonment which would ground an action for separation. It pointed out that '' as used in our statute, the term ' abandonment ' ' contemplates a voluntary separation of one party from the other without justification, with the intention of not returning ' (*Williams* v. *Williams,* 130 N. Y. 193, 197), and has never been extended to a temporary withdrawal or any partial failure to perform the obligations of the marital contract.''

The question was referred to in the case of *Mirizio* v. *Mirizio* (242 N. Y. 74). In that case the issue was complicated by other factors. In the *Mirizio* case the wife had refused to have intercourse with her husband because of his failure to follow a civil marriage ceremony with a promised religious ceremony. Despite her continuing refusal, she sued for separation and maintenance on grounds of nonsupport. The Court of Appeals held that her action must fail in that: '' This plaintiff has refused to discharge her obligations under the marriage contract and without abating a particle from that attitude she now insists that the defendant must support her, and it is by the test of those circumstances that her right to succeed must be measured. Tested in that manner her position amounts to legal misconduct which, under the provisions of section 1163 of the Civil Practice Act, is a defense to her action to enforce such obligations.'' (P. 82.) The court went on to comment on the *Risk* case, and what it said read as follows: '' Of course we do not overlook the fact that in *Risk* v. *Risk* (202 App. Div. 299), by a closely divided court, it was held that the willful refusal of marital intercourse without withdrawal of general cohabitation did not either constitute abandonment or furnish a defense to the husband who, because of such refusal, refused to support

his wife. *Under the circumstances of this case and for the reasons stated we are not able to adopt the views expressed by the court in that case."* (Emphasis ours.) The language quoted indicates that the *Risk* case was not overruled, but distinction was made on the peculiar facts involved in the *Mirizio* case, where the party asserting the claim for separation was herself refusing to perform a marital obligation on the ground that the marriage itself was not complete and in accordance with the promises made. The dissenting opinions in the *Mirizio* case are relevant in that the two learned judges dissenting (Judge CRANE and Judge LEHMAN) indicate the narrow basis upon which the majority decision in that case was made. Thus, as Judge LEHMAN stated, at page 92 (referring to the majority opinion): " They have decided, and I think intended to decide, only that a refusal by this plaintiff in the present case to submit to ordinary marital physical relations, resulting in a consummation of the marriage, without some excuse *which a court of law may recognize* would constitute ' misconduct ' within the meaning of section 1163 of the Civil Practice Act. I think that view is clearly correct. Even if we should hold hereafter when the question is directly presented that a willful refusal to cohabit would not, after the marriage is consummated, constitute such misconduct, yet it seems clear that obligation at least to afford opportunity for consummation of the marriage is an essential part of the marriage contract (See Civ. Prac. Act, § 1141) and that repudiation of this obligation by the wife would justify the husband's failure to support her."

Since the decision in the *Mirizio* case, it has been cited as authority for the proposition that mere willful refusal to have sexual intercourse constitutes a valid ground for separation. (*Kershner* v. *Kershner,* 244 App. Div. 34, 37; *Berman* v. *Berman,* 277 App. Div. 560, in dissenting opinion, p. 561; *Tepper* v. *Tepper,* 64 N. Y. S. 2d 211.) In the last three cases cited it is obvious from a reading of the opinions that the question involved is not examined independently. It is assumed that the *Mirizio* case is determinative of the question and it is followed as authority. In none of these cases was the application of this view necessary to the decision. In none of the cases was mere willful refusal to have intercourse by one of the spouses the factual situation.

To this court it would seem that the *Risk* case is controlling. It has never been overruled. It is the only authority that has explored the rationale on the question, and the *Mirizio* case is distinguishable by the very distinction made by the Court of

Appeals in its references to the *Risk* case. A similar view to this was taken by Mr. Justice D1 GIOVANNA in the case of *Lowenfish* v. *Lowenfish* (100 N. Y. S. 2d 610, 613, affd. 278 App. Div. 716).

Policy would seem to indicate that the *Risk* case is also sound law. Otherwise the courts would be required to grant separations upon the narrowest of issues turning upon the most intimate of human relations and usually without the possibility of corroboration. As a practical matter, it is rare that the defense would be tendered in its simple form. It is not likely that one party to a marriage will refuse to have intercourse with the other without legal excuse unless there are many other complicating circumstances which in the nature of things would supply other issues relevant to the right to a separation and maintenance.

While the instant action is merely for reimbursement, the right to reimbursement depends derivatively upon the right to support. It is clear from the cases cited that mere refusal to have sexual intercourse is not such misconduct as to relieve the other spouse of his marital obligations either by way of defense or by way of affirmative relief.

Accordingly, the motion with respect to the third separate and partial defense is granted.

The fourth and fifth defenses involve basically the same question, namely, whether an agreement between the parties to a marriage for a sharing of the expenses of the marital household is valid. It is not necessary for the purposes of this motion to decide whether such an agreement is valid insofar as it is executory and relates to the future. Sufficient for the purposes of this motion in this action is the proposition that such an agreement or arrangement will be effective for so long as the parties have voluntarily acted pursuant to it, and there was no intention for the wife to receive reimbursement from the husband. This proposition has been decided repeatedly in our highest court, starting with the case of *Manufacturers Trust Co.* v. *Gray* (278 N. Y. 380) and as recently as *Hettich* v. *Hettich* (304 N. Y. 8). Of course there will be issues of fact as to whether there was such an agreement or arrangement in fact and whether throughout the wife continued to act under it or repudiated it. For the purposes of this motion the allegations of the defenses are taken as true.

Accordingly, with respect to the fourth and fifth separate and partial defenses, the motion is denied.

The thirty-second allegation of the fourth defense, which plaintiff seeks to have stricken, relates to facts prior to the marriage based upon which the agreement between the parties to share the expense of their living arrangements is related. If, as a matter of fact, the genesis of the alleged agreement or arrangement antedates the marriage, that becomes a material and relevant fact to be proven and it cannot be said that the allegation is unnecessary and should be stricken because of any scandalous implications that the pleader seeks to introduce into the litigation.

Accordingly, this branch of the motion to strike out paragraph 32 is denied.

Settle order.