Lohis L. Friedman, J.
Defendant moves, nnder subdivision 4 of rule 106 of the Rules of Civil Practice, to dismiss plaintiff’s complaint on the ground that it fails to state facts sufficient to constitute a cause of action. The basis for the relief sought is that the alleged antenuptial agreements, set forth at length in the complaint, are against public policy, thus void, and therefore legally insufficient to entitle plaintiff to the prayer for relief contained in his complaint.
The action is brought for annulment of marriage. The complaint makes certain allegations which must be accepted as true on a motion of this kind. (Schwartz v. Heffernan, 304 N. Y. 474.) The material allegations of the complaint set forth that prior to his marriage to the defendant, plaintiff had been in a mental institution because of an impairment of his mental health following his military service, and that his sole source *1024 of income was the government pension which he received by reason thereof; that he had advised defendant of these facts and that he would only enter into the marriage state if defends ant would agree to continue her employment, and in addition, act as a housewife and take care of the plaintiff, and that although the parties would cohabit as man and wife, they would avoid having any children. Plaintiff further alleges that defendant agreed to these terms as a condition of the marriage, and that plaintiff, relying on her said agreement, entered into the marriage state. He further makes the usual allegations of falsity of these representations.
By the present motion defendant attacks this complaint, contending as she must on a motion of this kind (Schwartz v. Heffernan, supra) that even if true, agreements such as are set forth in the complaint are contrary to public policy, thus void, and may not be enforced.
The cases are legion to the effect that any agreement by a wife to relieve her husband of his obligation to support her is void as against public policy. (Kershner v. Kershner, 244 App. Div. 34, affd. 269 N. Y. 655.) Similarly, is an agreement void which contemplates forebearance from having children, since it is a matter of public policy that marriage exists primarily for begetting offspring, and the right to normal and proper sex relations is implicit in the marriage contract. (Lopez v. Lopez, 10 Misc 2d 367.) Chief Judge Hiscock writing in Mirizio v. Mirizio (242 N. Y. 74, 80-81) stated: “ But the refusal of husband or wife without any adequate excuse to have ordinary marriage relations with the other party to the contract strikes at the basic obligations springing from the marriage contract when viewed from the standpoint of the State and of society at large ” (emphasis supplied).
Examined in the light of these decisions, the court may not say that because of the peculiar circumstances set forth in the complaint, the agreement made between the parties is per se void and unenforcible. Much will depend upon the testimony at the trial, and the extent to which plaintiff’s mental and physical condition prevents him from engaging in gainful employment. The court may not, on the face of the complaint itself, say that plaintiff does not have an “ adequate excuse ” for entering into the agreement which is. set forth in the complaint. Bearing in mind his own mental condition and his possible concern that such condition may be reflected in his offspring, plaintiff might very well be justified in entering into such an agreement as a condition of marriage. So too, the *1025 agreement that his wife would continue to work after her marriage to the plaintiff, does not in any manner diminish the primary obligation of the husband to support her according to his means. The agreement set forth in the complaint merely indicates a co-operative arrangement between the parties that the wife would contribute to the support of the household in view of the limited scope of the husband’s income and resources.
Under the circumstances, the present motion to dismiss the complaint is in all respects denied. Submit order.